IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lin William James, | ) | No. CV 08-586-PHX-NVW (HCE) |
| | ) | |
| Petitioner, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Rick Mauldin; et. al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus (Doc.No. 1) filed pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for a Report and Recommendation. For the following reasons, the Magistrate Judge recommends that the District Court dismiss in part and deny the remainder of Petitioner's Petition for Writ of Habeas Corpus.

# I. FACTUAL AND PROCEDURAL BACKGROUND

### A.  Petitioner's Conviction and Summary of the Case

On March 4, 2003, Petitioner was charged by Direct Complaint filed in Maricopa County Superior Court with two counts of Aggravated Driving Or Actual Physical Control While Under The Influence Of Intoxicating Liquor Or Drugs, class 4 felonies which occurred

on August 7, 2001.[1] (Answer, Exh. A) (Doc. No. 15). On May 22, 2003, Petitioner was charged by Information with the same offenses. (Answer, Exh. B).

On June 13, 2003, the State filed an Allegation of Historical Priors alleging that: (1) on August 27, 1992, Petitioner had been convicted of marijuana possession for sale, a class 3 felony, committed on March 13, 1992 (hereinafter "1992 conviction"); and (2) on December 1, 1993, Petitioner had been convicted of aggravated DUI, a class 5 felony, committed on May 17, 1993 (hereinafter "1993 conviction"). (Answer, Exh. C).

On November 5, 2003, Petitioner was convicted by a jury of: (1) Aggravated Driving While Under The Influence (Impaired) (Count 1); and (2) Aggravated Driving While Under The Influence (0.10%) (Count 2). (Answer, Exh. D). Following a bench trial at sentencing, the trial court found beyond a reasonable doubt that Petitioner had two historical prior felony convictions within the meaning of A.R.S. §13-604, namely the 1992 and 1993 convictions. (Answer, Exh. E, F at p.29).[2] The trial court sentenced Petitioner to a mitigated sentence of eight years of imprisonment on Counts 1 and 2 to run concurrently. (Answer, Exh. G; *see also* Answer, Exh. F at pp. 38-41).

---

[1]Count One alleged that Petitioner drove or was in actual physical control of a vehicle, while under the influence of intoxicating liquor, any drug, a vapor releasing substance containing a toxic substance or any combination of liquor, drugs or vapor releasing substance, while his driver's license or privilege to drive was suspended, cancelled, revoked or refused, or while a restriction is placed on his driver's license or privilege to drive as a result of violating A.R.S. §§28-692, 28-694, 28-1381, 28-1382, 28-1383, or 28-1385 in violation of A.R.S. §§28-1381(A)(1), 28-1383(A)(1), 28-3001, 28-3304, 28-3305, 28-3315, 13-701, 13-702, 13-702.01, and 13-801. (Answer, Exh. A) Count Two Alleged that Petitioner drove or was in actual physical control of a vehicle, while there was an alcohol concentration of 0.10 or more in his body within two hours of the time of driving, while his driver's license or privilege to drive was suspended, cancelled, revoked or refused, or while a restriction is placed on his driver's license or privilege to drive as a result of violating A.R.S. §§28-692, 28-694, 28-1381, 28-1382, 28-1383, or 28-1385 in violation of A.R.S. §§28-1381(A)(2), 28-1383(A)(1), 28-3001, 28-3304, 28-3305, 28-3315, 13-701, 13-702, 13-702.01 and 13-801. (*Id.*).

[2]Petitioner requested a jury trial on the State's allegations of historical prior felony convictions and the trial court denied that request. (Answer, p. 5 n.3).

<u>B. The Direct Appeal</u>

On December 29, 2004, Petitioner's appointed appellate counsel filed an *Anders* brief with the Arizona Court of Appeals. (Answer, p.5 & Exh. H). Therein, counsel stated that after reviewing the record, he "found no arguable question of law that is not frivolous." (*Id.* at p.9). Counsel also informed the court that Petitioner "has suggested that the evidence presented at his trial was insufficient to prove–beyond a reasonable doubt–that he was either driving or was in actual physical control of a vehicle as was charged in both Count 1 and Count 2 of the information." (*Id.*). Petitioner also notified counsel of "approximately 25 additional issues [Petitioner] suggests be raised in his appellate brief. These additional issues, however, are either unsupported by any facts in the existing appellate record or are more properly the subject matter of a Rule 32–post-conviction relief–proceeding where the record can be supplemented to further develop these issues." (*Id.*).

On February 7, 2005, Petitioner filed a *pro se* "Supplementary Brief" with the Arizona Court of Appeals wherein he raised the following nine issues:

    1.    Petitioner "was denied his U.S. Constitutional Right to Due Process when the City of Phoenix dismissed [misdemeanor DUI] charges without the presence of counsel"[3];

    2.    The State's act of filing felony charges violated the Ex Post Facto Clause and Petitioner's "U.S. Constitutional Right to Due Process...";

    3.    Petitioner "was denied his U.S. Constitutional Right to Due Process when the State missed the 10 days for Arraignment and Discovery";

---

[3]Petitioner maintained that on August 7, 2001, he had been arrested on misdemeanor charges of DUI; that he appeared in "city court..." on the charges and was appointed counsel; and at his second court appearance, his counsel did not show up and the prosecutor informed Petitioner that the charges had been dismissed. (Answer, Exh. I, p.1). Petitioner further contended that the State subsequently filed the felony charges underlying this instant federal habeas action. (*Id.* at p.2). According to Petitioner, the felony charges are based on the same incident that gave rise to the misdemeanor charges that had been dismissed without prejudice in 2001. (*Id.*).

4. Petitioner was denied "his U.S. Constitutional Right to Due Process when the State entered 609" with regard to the use of the 1992 prior conviction;

5. An error in the jury instructions, which was corrected, violated Petitioner's right to Due Process under the Fourteenth Amendment of the U.S. Constitution;

6. Petitioner "was denied his U.S. Constitutional Right to Due Process when the Court Ruled on 609" with regard to his 1992 prior conviction and yet used the prior conviction for enhancement purposes;

7. Petitioner "was denied his U.S. Constitutional Right to Due Process when the Prosecutor and State Witness Kevin Allbrecht, testifie[d] to Factual Inaccuracies" which when considered with the mistaken jury instructions violated Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution and Arizona Constitution;

8. Petitioner was denied "his U.S. Constitutional Right to Due Process...": when the State charged him without an indictment but told the jury that there was an indictment, and because the Fifth Amendment requires an indictment; and

9. Petitioner was denied "his U.S. Constitutional Right to Due Process when the State enhanced his sentence with two..." non-eligible historical prior felony convictions. Petitioner also argued that the sentencing enhancement violated *Blakely v. Washington,* 542 U.S. 296 (2004).

(Answer, Exh. I).

On April 21, 2005, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Answer, Exh. J).

On April 25, 2005, Petitioner's appointed appellate counsel informed Petitioner that he had reviewed the appellate decision and had concluded that there was no reasonable probability that the Arizona Supreme Court would review Petitioner's case. (Answer, Exh. K).

On June 10, 2005, Petitioner filed a Petition for Review to the Arizona Supreme Court with respect to the appellate court's ruling. (Answer, Exh. M). On October 7, 2005, the Arizona Supreme Court summarily denied review. (Answer, Exh. N).

C.     Post-Conviction Relief Proceedings

According to Respondents, during February through May 2004, an attorney was appointed to prepare Petitioner's Petition for Post-Conviction Relief, but on July 13, 2004, the post-conviction relief proceeding was dismissed upon Petitioner's own motion. [4] (Answer, p.5 n.4).

On December 2, 2005, Petitioner filed a Notice of Post-Conviction Relief and a request for appointment of counsel. (Answer, Exh. O). Petitioner's request for appointment of counsel was granted and after appointed counsel reviewed the record, counsel informed Petitioner and the trial court that he found no grounds to raise in post-conviction relief proceedings. (Answer, Exh. P). The trial court granted counsel's request for an extension so that Petitioner could pursue a post-conviction relief petition on his own behalf. (Answer, Exh. P, Q). The trial court also ordered counsel to remain as advisory counsel to Petitioner during the proceeding. (Answer, Exh. Q).

On February 16, 2006, Petitioner filed his *pro se* Petition for Post-Conviction Relief (hereinafter "PCR Petition") where he raised the following arguments:

1.     The State's dismissal of the misdemeanor DUI charges and filing of the felony DUI charges after the statute of limitations had expired on the misdemeanor charges violated the Ex Post Facto Clause and the Double Jeopardy Clause of the United States Constitution as well as Rule 8 of the Arizona Rules of Criminal Procedure (hereinafter "PCR claim 1");

2.     The State violated the Ex Post Facto Clause and the Due Process Clause of the United States Constitution "by raising the grade of the misdemeanor DUI..." to aggravated DUI (hereinafter "PCR claim 2");

---

[4]Petitioner's direct appeal was pending during this time.

3.      The State's delay in filing the felony charges violated Ariz.R.Crim.P. 8 governing speedy trials and was unreasonable under *Doggett v. United States,* 505 U.S. 647 (1992) (hereinafter "PCR claim 3");

4.      Ineffective assistance of trial counsel because counsel: (a) failed to alert the court that the statute of limitations had expired; (b) "misled...[Petitioner] to believe that he could get his original plea of 2.5 years back before the court, but at a later date, denied this request"; and (c) "misled..." Petitioner to believe that his 1992 prior conviction would not be used at sentencing in light of the trial court's ruling that the prior conviction was inadmissible at trial under Ariz.R.Evid. 609 (hereinafter "PCR claim 4");

5.      The trial court violated Petitioner's right to due process by considering Petitioner's prior convictions at sentencing because the charging document did not refer to Petitioner's prior convictions and the existence of the prior convictions had not been proved to a jury beyond a reasonable doubt. Additionally, the trial court's determination regarding Petitioner's prior convictions and use of same for enhancement violated Petitioner's rights to due process, notice and a jury under the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution (hereinafter "PCR claim 5"); and

6.      The trial court abused its discretion and violated the Double Jeopardy Clause and Petitioner's right to due process when it precluded the State from introducing Petitioner's 1992 conviction under Ariz.R.Evid. 609 but then considered that conviction at sentencing (hereinafter "PCR claim 6").

(Answer, Exh. R. *See also* Answer, Exh. S, T).

On March 16, 2006, after the PCR Petition was fully briefed, Petitioner filed an "Attachment" to his PCR Petition wherein he provided additional briefing on his *Blakely* theory. (Answer, Exh. U). On April 4, 2006, the trial court struck Petitioner's Attachment because it was filed without permission and because Petitioner's *Blakely* claim was precluded

in light of the fact that the claim was previously raised in the Court of Appeals. (Answer, Exh. V).

On May 9, 2006, the trial court dismissed Petitioner's PCR Petition on the following grounds with regard to

- PCR claim 1: "Petitioner's claim is that the State filed felony charges after the statute of limitations had run. Petitioner, however, mistakenly argues that the limitations period for misdemeanors applied to his case. Petitioner was charged with Class 4 felonies. These charges fell within the seven-year period."

- PCR claim 4: "Petitioner's counsel was not ineffective in violation of state law by failing to move to dismiss the charges. The charges were filed well within the statute of limitations."

(Answer, Exh. W). The trial court dismissed PCR claims 2, 5, and 6 as precluded by Ariz.R.Crim.P. 32.2(a)(2) because the Arizona Court of Appeals had previously rejected these claim on the merits. (*Id.*). Additionally, the trial court dismissed PCR claim 3 pursuant to Ariz.R.Crim.P. 32.2(a)(3) because Petitioner waived such claim when he did not raise it in his direct appeal. (*Id.*).

On June 19, 2006, Petitioner filed a Petition for Review of the trial court's dismissal of his PCR Petition. (Answer, Exh. Y). On June 22, 2007, the Court of Appeals summarily denied review. (Answer, Exh. Z). On July 7, 2007, Petitioner filed a Petition for Review with the Arizona Supreme Court and on October 11, 2007, the Arizona Supreme Court summarily denied review. (Answer, Exh. AA, DD).

**II.    PETITIONER'S FEDERAL PETITION FOR WRIT OF HABEAS CORPUS**

On March 27, 2008, Petitioner filed the instant Petition for Writ of Habeas Corpus (hereinafter "Petition") (Doc. No. 1) together with a Memorandum of Points and Authorities (hereinafter "Petitioner's Memo.") (Doc. No. 3) wherein he raises the following grounds for relief:

1. The State's filing of the felony DUI charges after expiration of the statute of limitations applicable to misdemeanors violated the Double Jeopardy Clause, Petitioner's rights to due process and to equal protection under the Fifth and Fourteenth Amendments of the U.S. Constitution (Ground I);

2. The delay between Petitioner's arrest and the State's institution of the felony charges violated Petitioner's right to a speedy trial under Ariz.R.Crim.P. 8 and the Sixth Amendment of the U.S. Constitution, and denied Petitioner of his due process rights (Ground II);

3. The State's prosecution of Petitioner on the felony charges, after Ariz.R.Crim.P. 8.2 was amended to extend the time in which Petitioner could be tried, violated the Ex Post Facto Clause (Ground III);

4. Violation of Petitioner's rights under the Sixth Amendment of the U.S. Constitution because Petitioner's trial counsel rendered ineffective assistance when counsel failed to: (a) investigate and present substantial legal arguments; (b) advise the court that the charges against Petitioner were "insufficient"; (c) subject the State's case to any meaningful adversarial testing; (d) advise the court of the lapsed expiration of time; and (e) raise Petitioner's rights under the U.S. Constitution (Ground IV); and

5. Petitioner's sentence constituted an "Abuse of discretion..." by the trial court and constituted a violation of Petitioner's Sixth Amendment rights under *Blakely v. Washington,* 542 U.S. 296 (2004) when the trial court considered Petitioner's 1992 and 1993 prior convictions to enhance his sentence; use of the prior convictions violated his rights to due process and equal protection; A.R.S. §13-702(C) is unconstitutional on its face; and A.R.S. §13-604 was never named in the charging complaint (Ground V).

(Petition; Petitioner's Memorandum).

On August 26, 2008, Respondents filed their Answer (Doc. No. 15). Respondents acknowledge that Petitioner's Petition for Writ of Habeas Corpus is timely. (Answer, p. 10).

Respondents contend that Petitioner's grounds for relief are procedurally barred from federal habeas corpus review and/or fail on the merits.

On September 16, 2008, Petitioner filed a Reply (Doc. No. 16).

## III.   DISCUSSION

### A.   Standard of Review

#### 1.   Exhaustion and Procedural Default

Respondents argue that habeas review of the majority of Petitioner's claims is barred because such claims are procedurally defaulted.

##### a.   Exhaustion

A federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted the state court remedies available to him  28 U.S.C. § 2254(b); *Baldwin v. Reese,* 541 U.S. 27(2004); *Castille v. Peoples,* 489 U.S. 346 (1989).  The exhaustion inquiry focuses on the availability of state court remedies at the time the petition for writ of habeas corpus is filed in federal court. *See O'Sullivan v. Boerckel,* 526 U.S. 838 (1999).  Exhaustion generally requires that a prisoner provide the state courts an opportunity to act on his claims before he presents those claims to a federal court. *Id.*  A petitioner has not exhausted a claim for relief so long as the petitioner has a right under state law to raise the claim by available procedure. *See* Id.; 28 U.S.C. § 2254(c).

To meet the exhaustion requirement, the petitioner must have "fairly present[ed] his claim in each appropriate state court...thereby alerting that court to the federal nature of the claim." *Baldwin,* 541 U.S. at 29; *see also Duncan v. Henry,* 513 U.S. 364, 365-66 (1995). A petitioner fairly presents a claim to the state court by  describing the factual or legal bases for that claim and by alerting the state court "to the fact that the...[petitioner is] asserting claims under the United States Constitution." *Duncan,* 513 U.S. at 365-366.  *See also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (same).  Mere similarity between a claim raised in state court and a claim in a federal habeas petition is insufficient. *Duncan,* 513 U.S. at 365-366.

Furthermore, to fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845. Once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *See Picard v. Connor,* 404 U.S. 270, 275 (1971). In habeas petitions, other than those concerning life sentences or capital cases, the claims of Arizona state prisoners are exhausted if they have been fairly presented to the Arizona Court of Appeals either on appeal of the conviction or through a collateral proceeding pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.[5] *Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999), *cert. denied* 529 U.S. 1124 (2000). Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum..., (2) through the proper vehicle..., and (3) by providing the proper factual and legal basis for the claim...." *Insyxiengmay v. Morgan,* 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).

### b. Procedural Default

In some instances a claim can be technically exhausted even though the state court did not address the merits. This situation is referred to as "procedural bar" or "procedural default." *See Coleman v. Thompson,* 501 U.S. 722, 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). A claim is procedurally defaulted if the state court declined to address the issue on the merits for procedural reasons such as waiver or preclusion. *Ylst v. Nunnemaker,* 501 U.S. 797, 802-805 (1991); *Franklin v. Johnson,* 290 F.3d 1223, 1230 (9th Cir. 2002). A higher court's subsequent summary denial reaffirms the lower court's application of a procedural bar. *Ylst,* 501 U.S. at 803.

---

[5]Respondents argue that *Baldwin* "implicitly overruled" *Swoopes* and its progeny, and thus, to satisfy the exhaustion requirement Petitioner herein must present his claims to the Arizona Supreme Court to satisfy the exhaustion requirement. (Answer, pp. 13-14) That argument is addressed *infra*, at III.B.1.a.(2.).

Additionally, procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* Thus, if a claim has never been presented to the state court, a federal habeas court may determine whether state remedies remain available.[6] *See Harris v. Reed,* 489 U.S. 255, 263 n.9 (1989); *Franklin,* 290 F.3d at 1231. In Arizona, such a determination often involves consideration of Rule 32 *et seq.* of the Arizona Rules of Criminal Procedure governing post-conviction relief proceedings. For example, Ariz.R.Crim.P. 32.1 specifies when a petitioner may seek relief in post-conviction proceedings based on federal constitutional challenges to convictions or sentences. Under Rule 32.2, relief is barred on any claim which could have been raised in a prior Rule 32 petition for post-conviction relief, with the exception of certain claims[7] which were justifiably omitted from a prior petition. Ariz.R.Crim.P. 32.2. Moreover, a state post-conviction action is futile when it is time-barred. *Beaty,* 303 F.3d at 987; *Moreno v. Gonzalez,* 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz.R.Crim.P. 32.4(a) as a basis for dismissal of Arizona petition for post-conviction relief, distinct from preclusion under Ariz.R.Crim.P. 32.2(a)).

Both of these instances of procedural default provide an independent and adequate state-law ground for the conviction and sentence and thus prevents federal habeas corpus

---

[6]The Ninth Circuit has suggested that, under Ariz.R.Crim.P. 32.2, there are exceptions to the rule that a district court can decide whether state remedies remain available for claims that require a knowing, voluntary, and intelligent waiver *see Cassett v. Stewart,* 406 F.3d 614 (9th Cir. 2005), *cert. denied,* 546 U.S. 1172 (2006). The issue of waiver must be affirmatively raised by the petitioner. *See Beaty v. Stewart,* 303 F.3d 975, 987 & n.5 (9th Cir. 2002), *cert denied,* 538 U.S. 1053 (2003).

[7]Such claims include: (1) that the petitioner is being held in custody after his sentence has expired; (2) certain circumstances where newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence; (3) the petitioner's failure to file a timely notice of post-conviction relief was without fault on his part; (4) there has been a significant change in the law that would probably overturn petitioner's conviction if applied to his case; and (5) the petitioner demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found petitioner guilty beyond a reasonable doubt. Ariz.R.Crim.P. 32.2(b) (citing Ariz.R.Crim.P. 32.1(d)-(h)).

review. Accordingly, the procedural default doctrine prevents state prisoners from obtaining federal review by allowing the time to run on available state remedies and then rushing to federal court seeking review. *Coleman,* 501 U.S. at 731-732 (1991).

(1.)    Cause and Prejudice

A petitioner may be relieved from a procedural default on a showing of cause and prejudice. *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996); *see also Murray v. Carrier,* 477 U.S. 478, 485-495 (1986); *Franklin*, 290 F.3d at 1231. Generally, "cause" sufficient "to excuse a default exists if the petitioner 'can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Cook v. Schriro,* 538 F.3d 1000, 1027 (9th Cir. 2008) (*quoting Murray,* 477 U.S. at 488). Examples of cause sufficient to excuse a procedural default include "'a showing that the factual or legal basis for a claim was not reasonably available to counsel,' or that 'some interference by officials' made compliance impracticable.'" *Id.* (*quoting Murray,* 477 U.S. at 488)). Additionally, in certain circumstances, ineffective assistance of counsel may also constitute sufficient cause to excuse a default. *Id.* (*citing Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Murray,* 477 U.S. at 488).

Prejudice is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a petitioner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady,* 456 U.S. 152, 170 (1982). If the petitioner fails to establish cause sufficient to excuse a procedural default, the court "need not consider whether he suffered actual prejudice." *Cook,* 538 F.3d at 1028 n.13 (*citing Engle v. Isaac,* 456 U.S. 107, 134 n.43 (1982)).

(2.)    Fundamental Miscarriage of Justice

A habeas petitioner "may also qualify for relief from his procedural default if he can show that the procedural default would result in a 'fundamental miscarriage of justice.'" *Cook,* 538 F.3d at 1028 (*citing Schlup v. Delo,* 513 U.S. 298, 321 (1995)). This exception

to the procedural default rule is limited to habeas petitioners who can establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup,* 513 U.S. at 327. *See also Murray,* 477 U.S. at 496; *Cook,* 538 F.3d at 1028. "'To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence–that was not presented at trial.'" *Cook,* 538 F.3d at 1028 (*quoting Schlup,* 513 U.S. at 324).

### c.    Conclusion

In summary, failure to exhaust and procedural default/bar are different concepts. *Franklin*, 290 F.3d at 1230-1231. Under both doctrines, the federal court may be required to refuse to hear a habeas claim. *Id.* The difference between the two is that when a petitioner fails to exhaust, he may still be able to return to state court to present his claims there. *Id.* In contrast, "[w]hen a petitioner's claims are procedurally barred and a petitioner cannot show cause and prejudice for the default [or a fundamental miscarriage of justice]...the district court dismisses the petition because the petitioner has no further recourse in state court." *Id.* at 1231.

### 2.    Merits

Pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the Court may grant a writ of habeas corpus only if the state court proceeding:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2). Section 2254(d)(1) applies to challenges to purely legal questions resolved by the state court and section 2254(d)(2) applies to purely factual questions resolved by the state court. *Lambert v. Blodgett,* 393 F.3d 943, 978 (9th Cir. 2004),

*cert. denied* 546 U.S. 963 (2005). Therefore, the question whether a state court erred in applying the law is a different question from whether it erred in determining the facts. *Rice v. Collins,* 546 U.S. 333, 342 (2006). In conducting its review, the federal habeas court "look[s] to the last reasoned state-court decision." *Van Lynn v. Farmon,* 347 F.3d 735, 738 (9th Cir. 2003).

Section 2254(d)(1) consists of two alternative tests, i.e., the "contrary to" test and the "unreasonable application" test. *See Cordova v. Baca,* 346 F.3d 924, 929 (9th Cir. 2003). Under the first test, the state court's "decision is contrary to clearly established federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result." *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir. 2003) (*citing Williams v. Taylor,* 529 U.S. 362, 413-414 (2000)). Additionally, a state court's decision is "contrary to" Supreme Court case law if "the state court 'applies a rule that contradicts the governing law set forth in' Supreme Court cases."[8] *Van Lynn,* 347 F.3d at 738 (*quoting Early v. Packer,* 537 U.S. 3, 8 (2002)). "Whether a state court's interpretation of federal law is *contrary* to Supreme Court authority...is a question of federal law as to which [the federal courts]...owe no deference to the state courts." *Cordova,* 346 F.3d at 929 (emphasis in original) (distinguishing deference owed under the "contrary to" test of section (d)(1) with that owed under the "unreasonable application" test).

---

[8]"[T]he *only* definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Williams,* 529 U.S. at 412...While circuit law may be 'persuasive authority' for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, *Duhaime v. Ducharme,* 200 F.3d 597, 600-01 (9th Cir.1999), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied." *Clark,* 331 F.3d at 1069 (emphasis in original). *See also Holley v. Yarborough,* 568 F.3d 1091, 1101 (9th Cir. 2009) (*citing Carey v. Musladin,* 549 U.S. 70, 76-77 (2006) ("Circuit precedent may not serve to create established federal law on an issue the Supreme Court has not yet addressed").

Under the second test, "'[a] state court's decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle...but unreasonably applies that principle to the facts of the prisoner's case.'" *Van Lynn*, 347 F.3d at 738 (*quoting Clark,* 331 F.3d at 1067). Under the "'unreasonable application clause...a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly....Rather that application must be objectively unreasonable.'" *Clark,* 331 F.3d at 1068 (*quoting Lockyer v. Andrade,* 538 U.S. 63 (2003)) (internal quotation marks and citation omitted). When evaluating whether the state court decision amounts to an unreasonable application of federal law, "[f]ederal courts owe substantial deference to state court interpretations of federal law...." *Cordova,* 346 F.3d at 929.

Under section 2254(d)(2), which involves purely factual questions resolved by the state court, "the question on review is whether an appellate panel, applying the normal standards of appellate review, could reasonably conclude that the finding is supported by the record." *Lambert,* 393 F.3d at 978; *see also Taylor v. Maddox,* 366 F.3d 992, 999 (9th Cir.), *cert. denied* 543 U.S. 1038 (2004) ("a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable.") Section (d)(2) "applies most readily to situations where petitioner challenges the state court's findings based entirely on the state record. Such a challenge may be based on the claim that the finding is unsupported by sufficient evidence,...that the process employed by the state court is defective,...or that no finding was made by the state court at all." *Taylor,* 366 F.3d at 999 (citations omitted). When examining the record under section 2254(d)(2), the federal court "must be particularly deferential to our state court colleagues... [M]ere doubt as to the adequacy of the state court's findings of fact is insufficient; 'we must be satisfied that *any* appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.'" *Lambert,* 393 F.3d at 972

(*quoting Taylor,* 366 F.3d at 1000) (emphasis and bracketed text in original). Once the federal court is satisfied that the state court's fact-finding process was reasonable, or where the petitioner does not challenge such findings, "the state court's findings are dressed in a presumption of correctness, which then helps steel them against any challenge based on extrinsic evidence, i.e., evidence presented for the first time in federal court."[9] *Taylor,* 366 F.3d at 1000. *See also* 28 U.S.C. section 2254(e).

Both section 2254(d)(1) and (d)(2) may apply where the petitioner raises issues of mixed questions of law and fact. Such questions "receive similarly mixed review; the state court's ultimate conclusion is reviewed under [section] 2254(d)(1), but its underlying factual findings supporting that conclusion are clothed with all of the deferential protection ordinarily afforded factual findings under [sections] 2254(d)(2) and (e)(1)." *Lambert,* 393 F.3d at 978.

    B.       Analysis of Petitioner's Grounds for Relief

        1.    Ground I

Petitioner asserts that the filing of the felony charges after the expiration of the statute of limitations applicable to misdemeanor charges violated his federal constitutional rights under the Double Jeopardy Clause as well his rights to due process and to equal protection.[10]

---

[9]Under section 2254(e) "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The "AEDPA spells out what this presumption means: State-court fact-finding may be overturned based on new evidence presented for the first time in federal court only if such new evidence amounts to clear and convincing proof that the state-court finding is in error....Significantly, the presumption of correctness and the clear-and-convincing standard of proof only come into play once the state-court's fact-findings survive any intrinsic challenge; they do not apply to a challenge that is governed by the deference implicit in the 'unreasonable determination' standard of section 2254(d)(2)." *Taylor,* 366 F.3d at 1000.

[10]Respondents also read Petitioner's Ground I as raising a vindictive prosecution claim which Respondents contend is unexhausted and procedurally defaulted. (Answer, pp. 2, 16, 19). Petitioner asserts that he is not raising a vindictive prosecution claim herein nor has he raised such a claim at the state level. (Reply, p.20). Given Petitioner's express statement that he is not pursuing such a claim, there is no need to address Respondents' argument on this

(Petition, p. 6A; Petitioner's Memo. pp.1-11).

Respondents argue that Petitioner failed to exhaust all claims raised in Ground I of his Petition. Specifically, Respondents contend that: (1) Petitioner failed to fairly present his Double Jeopardy claim; (2) Petitioner's Due Process claim is unexhausted because it was not presented to the Arizona Supreme Court; and (3) Petitioner's claim of equal protection violation is unexhausted because this claim was not presented to the state trial court. Alternatively, Respondents contend that Petitioner's claims of violation of the Double Jeopardy and Due Process Clauses are without merit.

### a.    Exhaustion and Procedural Default

### (1.)  Double Jeopardy

Respondents argue that Petitioner did not fairly present his Double Jeopardy claim to the state court because he failed to explain the basis for his claim. (Answer, pp. 17-18).

In his PCR Petition, Petitioner included a "Statement of Facts" wherein he alleged that the State had dismissed misdemeanor DUI charges and, after the misdemeanor statute of limitations had passed, the State instituted felony DUI charges against him based upon the same incident that had given rise to the dismissed misdemeanor charges. (Answer, Exh. R). Within his PCR Petition Statement of Facts, Petitioner asserted: "One is placed in double jeopardy when [a] prior factual determination is re-litigated. *State v. Rios,...*" 114 Ariz. 505, 562 P.2d 385 (App. 1977). (Answer, Exh. R, p.3 of *"Pro Per* [PCR] Petition"). *Rios* stands for the proposition cited by Petitioner. Petitioner, in his reply brief filed in the PCR proceeding, argued that the State's institution of felony charges after the expiration of the misdemeanor statute of limitations placed him "in Double-[sic]Jeopardy. One is placed in Double[sic]-Jeopardy when prior factual determination is relitigated. *State v. Rios,....*Charging the petitioner twice for the same crime violates the double-[sic]jeopardy clause of the U.S. Constitution." (Answer, Exh. T, pp. 3-4).

According to Respondents, "Petitioner provided additional argument in his..." reply brief

---

issue.

during the PCR Proceeding and this did not amount to fair presentment. (Answer, p.18) (*citing Laurie v. Wittner,* 228 F.3d 113, 124 (2d Cir. 2000); *State ve. Aleman,* 210 Ariz. 232, 236, 109 P.3d 571, 575 (App. 2005) ("Generally, an appellant may not raise issues for the first time in the reply brief.").

When Petitioner filed his PCR Petition, the Arizona Rules of Criminal Procedure required that a petitioner for post-conviction relief "shall include every ground known to him or her for vacating, reducing, correcting or otherwise changing all judgments or sentences imposed upon him or her, and certify that he or she has done so." Ariz.R.Crim.P. 32.5 (2000) ("Contents of Petition"); *see also* A.R.S. §13-4235 (2001) (same). However, the Court is mindful that "[a] habeas petition from a state prisoner, like Petitioner, who is proceeding *pro se* may be viewed more leniently for exhaustion purposes than a petition drafted by counsel." *Fields v. Waddington,* 401 F.3d 1018, 1021 (9th Cir. 2005) (viewing petitioner's state petition under "more lenient standard..."). A fair and lenient reading of Petitioner's PCR briefs supports the conclusion that Petitioner did not raise a *new* double jeopardy claim in his reply brief. In his PCR Petition, Petitioner raised the issue of double jeopardy specifically when discussing his allegation that the state filed the felony charges after dismissing the misdemeanor charges which were based on the same incident and that the felony charges were filed after expiration of the limitations period applicable to misdemeanors. Petitioner's reply brief, albeit perhaps more artfully worded, makes the same point–the State's filing of the felony charges, according to Petitioner, required "relitigat[ion]..." of "a prior factual determination..." relating to the misdemeanor charges. (Answer, Exh. T, pp.3-4). Under the instant circumstances, Petitioner fairly presented the state court with the basis of his Double Jeopardy argument raised herein.

### (2.) Due Process

Respondents contend that Petitioner's Due Process claim is not exhausted because Petitioner failed to seek review by the Arizona Supreme Court of the appellate court's summary rejection of this claim. According to Respondents, under *Baldwin*, 541 U.S. 27, Petitioner was required to seek review by the Arizona Supreme Court before presenting his

claim to this Court. Because Petitioner did not seek such review, Respondents contend that Petitioner has failed to properly exhaust his claim for relief. (Answer, pp. 13-14, 17).

In *Baldwin*, the U.S. Supreme Court reviewed a decision from the Ninth Circuit to address the question of what constituted notice of the federal nature of a claim sufficient to satisfy the fair presentment requirement found in 28 U.S.C. § 2254(b)(1). In setting out the groundwork for its decision, the *Baldwin* Court stated that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin,* 541 U.S. at 29 (citations omitted). Respondents rely on the *Baldwin* Court's general statements of the law of exhaustion to support their assertion that *Swoopes*, at least insofar as it addresses whether habeas petitioners must seek review in the highest state court, is no longer valid.[11] However, an examination of the rationale employed in the *Swoopes* decision readily distinguishes that case from the general statements of law referred to by Respondents.

*Swoopes,* which examines the habeas exhaustion requirement specifically with regard to Arizona's discretionary review system, was decided on remand to the Ninth Circuit for consideration in light of the Supreme Court's decision in the *O'Sullivan* case. *Swoopes,* 196 F.3d 1008. In *Swoopes*, the Ninth Circuit, like the *Baldwin* Court, began its analysis by reiterating the general rule stated in *O'Sullivan* that, "in order to satisfy the exhaustion requirement for federal habeas relief, state prisoners must file for discretionary review in a state supreme court when that review is part of ordinary appellate review." *Swoopes*, 196 F.3d at 1009 (*citing O'Sullivan,* 526 U.S. at 847). The *Swoopes* court recognized, however, that the Supreme Court in *O'Sullivan* had "acknowledged an exception to the exhaustion requirement," by making it clear that "'the creation of a discretionary review system does not, *without more*, make review' in a state supreme court 'unavailable.'" *Swoopes*, 196 F.3d at

---

[11]Under *Swoopes,* Petitioner herein need only seek review from the Arizona Court of Appeals and not the Arizona Supreme Court. *Swoopes,* 196 F.3d 1008.

1009 (*quoting O'Sullivan*, 526 U.S. at 847) (emphasis added in *Swoopes*). The Ninth Circuit proceeded to consider Arizona's discretionary review system and found that Arizona case law made it clear that "in cases not carrying a life sentence or the death penalty, review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes*, 196 F.3d. at 1010. Thus, the court concluded, "post-conviction review before the Arizona Supreme Court is a remedy that is 'unavailable' within the meaning of *O'Sullivan*." *Id.* (footnote omitted). There is nothing in *Baldwin* that suggests, implicitly or explicitly, that this analysis is flawed or that the *Swoopes* holding has been overruled.

Moreover, the Ninth Circuit continues to cite *Swoopes* for the very proposition Respondents suggest was overruled. *See Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005) ("[i]n cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" (*quoting Swoopes,* 196 F.3d at 1010)). Therefore, Respondents do not prevail with their argument that Petitioner's due process claim raised in Ground I is unexhausted because Petitioner failed to seek review before the Arizona Supreme Court.[12] *See Date v. Schriro,* 619 F.Supp.2d 736 (D.Ariz. Nov. 26, 2008) (examining claims presented to the court of appeals but omitted from the petitioner's petition for review submitted before the Arizona Supreme Court).

However, Petitioner's due process claim raised in the instant Petition was not fairly presented in its entirety to the state court. Petitioner argues that the filing of felony charges after the state dismissed the misdemeanor charges and after expiration of the statute of limitations applicable to misdemeanor charges violated his due process rights. On direct appeal, Petitioner did not raise a statute of limitations issue. Instead, the appellate court addressed solely the issue whether the filing of felony charges after the dismissal of the

---

[12]These same reasons also foreclose Respondents' argument that Petitioner's ex post facto claim raised in Ground III is not exhausted for failure to present such claim to the Arizona Supreme Court. (*See* Answer, p.21).

- 20 -

misdemeanor charges violated due process. Respondents address this claim on the merits.[13] The Court finds Petitioner that Petitioner exhausted his due process claim only with regard to the imposition of felony charges after dismissal of the misdemeanor charges.

Petitioner did not exhaust that portion of his due process claim relating to the filing of the felony charges after expiration of the misdemeanor statute of limitations. In his PCR Petition, Petitioner argued that he "was denied his U.S. Constitutional right to Due Process...by the State changing the original mis. [sic] DUI 28-1381 to AGG. [sic] DUI 28-1383 beyond expired time limits." (Answer, Exh. O, p.3; *see also* Answer, Exh. R, pp. 2-3 of *"Pro Per* [PCR] Petition"). The trial court dismissed the claim because "Petitioner...mistakenly argues that the limitations period for misdemeanors applied to his case. Petitioner was charged with Class 4 felonies. These charges fell within the seven-year period." (Answer, Exh. W). In his petition for appellate-court review of the trial court's denial of his PCR Petition, Petitioner claimed:

> In April, 2003, [sic] state unlawfully filed invalid agg [sic] DUI charges 28-1383 beyond statutory time limitation by over 6 months from a closed case for enhancement purposes, and therefor[e] in violation of state law and U.S. Constitution.

(Answer, Exh. Y, p.4). Elsewhere, in his petition for review, Petitioner also argued that he was denied his "U.S. Constitutional Rights To Due Process and The Ex Post Facto Clause By The State Raising The Grade of Misdemeanor DUI...to Agg [sic] DUI...." (*Id.*) Neither under this heading, nor elsewhere in his petition for review did Petitioner discuss any due process implication involved in filing the felony charges after expiration of the statute of limitations applicable to misdemeanors. A fair reading of Petitioner's petition for review leads to the conclusion that Petitioner did not present the Arizona Court of Appeals with a federal constitutional due process issue concerning the filing of the felony charges *after* expiration of the statute of limitations applicable to misdemeanor charges. Petitioner's failure to raise the claim in his petition for review renders the claim unexhausted.

---

[13]Respondents addressed the claim on the merits as an alternative to their argument that the claim had not been fairly presented to the state court in light of Petitioner's failure to seek review of the appellate court opinion issued on direct review.

- 21 -

(a.) <u>Procedural Default</u>

2       Petitioner cannot now return to state court to seek appellate court review of the trial
3   court's denial of this aspect of his due process claim because any such attempt would be
4   time-barred under Arizona's procedural rules. *See Park v. California,* 202 F.3d 1146, 1150-
5   51 (9th Cir. 2000) (federal habeas review is precluded where petitioner has not raised his
6   claim in the state courts and the time for doing so has expired). Specifically, Rule 32.9(c)
7   of the Arizona Rules of Criminal Procedure requires that a petition for review of the trial
8   court's ruling on a post-conviction relief petition must be filed within "thirty days after the
9   final decision of the trial court on the petition for post-conviction relief...." Ariz.R.Crim.P.
10  32.9(c). Petitioner is well-past that deadline and, thus, any attempt to raise the claim before
11  the state court at this point would be futile. *See Miloni v. Schriro,* 2006 WL 1652578
12  (D.Ariz. June 7, 2006) (Ariz.R.Crim.P. 32.9(c) time limit for filing a petition for review in
13  post-conviction relief proceeding is clear, firmly established, and has been consistently
14  applied so as to constitute adequate ground for preclusion under state law); *see also Pickens*
15  *v. Schriro,* 2009 WL 2870219 *12 ("since the time for seeking review by the Arizona Court
16  of Appeals has long expired, *see* Ariz.R.Crim.P. 32.9(c), Petitioner cannot now return to state
17  court and properly satisfy the exhaustion requirement. Accordingly, because any effort to
18  return to the Arizona Court of Appeals to exhaust his claims would be futile, Petitioner's
19  claims...are procedurally defaulted."); *Kanger v. Schriro,* 2008 WL 4830568 *8 (D. Ariz.
20  Nov. 3, 2008) (finding claim procedurally defaulted where petitioner "would...be time-
21  barred from seeking appellate review of the trial court's denial of his PCR" petition). The
22  claim is procedurally defaulted. *See Id.*

23  (b.) <u>Cause and Prejudice</u>

24      Petitioner cites ineffective assistance of trial and appellate counsel as cause to excuse his
25  procedural default. (Reply, pp. 10, 12). He also claims that "for the first 18 months of
26  confinement he did not have access to the prison law-[sic]library and after research made a
27  diligent attempt to raise these issues he did not know about...." (*Id.* at p.12).

28      However, Petitioner was aware of the claim and raised it in his PCR Petition, thus

- 22 -

Petitioner's assertions of lack of access to legal materials is insufficient to establish cause to excuse his failure to present the issue to the appellate court when seeking review during the post-conviction relief proceeding. Likewise, Petitioner's generic claim of ineffective assistance of counsel is inapplicable to this claim given that Petitioner was not represented by counsel when he filed his petition for review. Because Petitioner failed to establish cause, the Court need not address prejudice. *Cook,* 538 F.3d at 1028 n.13 (citation omitted).

### (c.) Fundamental Miscarriage of Justice

On the instant record, Petitioner has not presented any evidence or argument that would support a finding of a constitutional violation that has probably resulted in the conviction of someone who was actually innocent of the offenses at issue.[14] *See Id.* (petitioner failed to present any evidence that would sustain application of the "fundamental miscarriage of justice exception" to the procedural default rule).

### (d.) Conclusion

In sum, the Court will not address the merits of that portion of Petitioner's due process claim regarding the filing of felony charges after the expiration of the statute of limitations applicable to misdemeanors.

### (3.) Equal Protection

Respondents acknowledge that Petitioner concluded his *pro se* "Supplementary Brief" filed on direct appeal with a litany of allegations concerning Petitioner's conviction and sentence:

> [Petitioner] finds the conviction...and sentence imposed upon him by the State of Arizona to be <u>invalid</u>, <u>illegal</u>, <u>unlawful</u>, <u>wrongful</u>, and <u>unconstitutional</u>. Thus as well as a 6th and 14th Amendment violation of <u>Due Process</u>, violation of the U.S. and State Constitution, and violation of *<u>Equal Protection of the law</u>*. <u>Trial court error</u>, <u>fundamental error</u>, <u>Impermissible Jury Instructions, Intentional Prossecutorial [sic] Missconduct [sic]</u>, a 5th Amendment U.S. Constitutional violation. "*Equal Protection of the law*."

---

[14]The conclusion that Petitioner has failed to establish that he falls within the "fundamental miscarriage of justice" exception applies to all claims herein that have been procedurally defaulted or procedurally barred.

- 23 -

(Answer, Exh. I, pp.11-12)[15] (underlining in original, italics added). Respondents argue that "such drive-by citations do not 'fairly present' a constitutional claim." (Answer, p.18 n.12). The Court agrees with Respondents. "Mere 'general appeals to broad constitutional principles, such as due process, *equal protection*, and the right to a fair trial,' do not establish exhaustion." *Castillo,* 399 F.3d at 999 (*quoting Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999)) (emphasis added). *See also Fields,* 401 F.3d at 1021 (A federal claim is not exhausted "by a petitioner's mention, in passing, of a broad constitutional concept, such as due process."). The Ninth Circuit has specifically held that a petitioner's "conclusory, scattershot citation of federal constitutional provisions, divorced from any articulated federal legal theory..." failed to satisfy the fair presentment requirement.[16] *Castillo,* 399 F.3d at 1003 ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). Here, Petitioner's passing reference to the Equal Protection Clause made in the conclusion of his appellate brief and "divorced of any articulation of federal legal theory..." failed to satisfy the fair presentment requirement. *Id.* Petitioner did not exhaust his Equal Protection claim.

Petitioner's subsequent reference to the Equal Protection Clause in his 2007 Petition for Review by the Arizona Supreme Court of the trial court's denial of his PCR Petition, (*see* Answer, p.18 & Exh. AA), does not alter the conclusion that Petitioner has failed to exhaust an equal protection claim. Respondents aptly point out that initially raising a claim before a court of discretionary review does not constitute fair presentation. *See Castille,* 489 U.S. at 351 (no "fair presentation" where the petitioner raised the claim for the first and only time in a procedural context in which its merits will not be considered absent special

---

[15]Without any further mention of the Equal Protection Clause, Petitioner also asserted that he did not have to prove his innocence, the jury instructions were "impermissible," his sentence was enhanced with ineligible prior convictions, and he had proven his innocence beyond a reasonable doubt. (Answer, Exh. I, p.12).

[16]Like the instant Petitioner, the petitioner in *Castillo* also set out a litany of alleged violations in concluding his appellate brief. *See Castillo,* 399 F.3d at 1002.

circumstances); *Casey v. Moore,* 386 F.3d 896, 915-19 (9th Cir. 2004) (presentation of federal claim for the first time in a petition for discretionary review to the state supreme court did not constitute "fair presentation").

Petitioner failed to exhaust the equal protection claim raised in Ground I.

(a.) Procedural Default

Petitioner's return to state court to raise an Equal Protection claim would be futile because the claim is precluded as waived under Ariz.R.Crim.P. 32.2(a)(3) because it was not presented on direct appeal or in Petitioner's PCR Petition. Further, presentation of such claim in a second post-conviction relief proceeding would be untimely under Ariz.R.Crim.P. 32.4. *See Beaty,* 303 F.3d at 987 (a state post-conviction action is futile when it is time-barred). Nor does the claim qualify for any of the timeliness exceptions. *See* Ariz.R.Crim.P. 32.1(d)-(h). Thus, any additional petition would be subject to summary dismissal. *See State v. Rosario,* 195 Ariz. 264, 266, 987 P.2d 226, 228 (App. 1999); *State v. Jones,* 182 Ariz. 432, 897 P.2d 734 (App. 1995); *Moreno v. Gonzales,* 192 Ariz. 131, 135, 962 P.2d 205, 209 (1998) (timeliness is a separate inquiry from preclusion). Under such circumstances, Petitioner's equal protection claim is procedurally defaulted.[17] *Park,* 202 F.3d at 1150-51 (federal habeas review is precluded where petitioner has not raised his claim in the state courts and the time for doing so has expired).

---

[17]Because this claim is procedurally defaulted pursuant to Rule 32.4(a), Ariz.R.Crim.P., this Court need not determine whether the claims are of "sufficient constitutional magnitude" to require a knowing, voluntary, and intelligent waiver such that the claims are precluded pursuant to *Cassett.* Moreover, the procedural timeliness bar of Rule 32.4(a), Ariz.R.Crim.P., is clear, consistently applied, and well established. *Powell v. Lambert,* 357 F.3d 871 (9th Cir.2004); see e.g., *Rosario,* 195 Ariz. 264, 987 P.2d 226 (where petition did not raise claims pursuant to Rule 32.1(d) through (g), the petition could be summarily dismissed if untimely); *Moreno,* 192 Ariz. 131, 962 P.2d 205 (timeliness provision of Rule 32.4(a) became effective September 20, 1992); *State v. Jones,* 182 Ariz. 432, 897 P.2d 734 (App.1995) (Rule 32.4(a) was amended "to address potential abuse by defendants caused by the old rule's unlimited filing periods"); *see also Wagner v. Stewart,* 2008 WL 169639, *9 (D.Ariz. Jan. 16, 2008).

(b.)  Cause and Prejudice

Petitioner cites ineffective assistance of trial and appellate counsel as cause to excuse his

procedural default. (Reply, pp. 10, 12).  He also claims that "for the first 18 months of

confinement he did not have access to the prison law-[sic]library and after research made a

diligent attempt to raise these issues he did not know about...."  (*Id.* at p.12).

An allegation of ineffective assistance of counsel as cause for procedural default "is *itself*

an independent constitutional claim" and is subject to the same exhaustion requirement as

other habeas claims. *Edwards,* 529 U.S. at 451.  Thus, "an ineffective-assistance-of-counsel

claim asserted as cause for the procedural default of another claim can itself be procedurally

defaulted...."  *Id.* at 453.  Therefore, the petitioner must have fairly presented the ineffective

assistance of counsel claim in state court as an independent claim.  Although Petitioner

herein did raise ineffective assistance of counsel claims in his PCR Petition, he did not argue

that counsel was ineffective for failing to raise an equal protection argument.[18]  To fairly

present a claim for purposes of exhaustion, the petitioner must describe the operative facts

and federal legal theory on which his claim is based so that the state courts have a fair

opportunity to apply controlling legal principles to the facts bearing upon his constitutional

claims.  *Anderson v. Harless,* 459 U.S. 4, 6 (1982); *see also Rose v. Palmateer,* 395 F.3d

1108, 1111 (9th Cir. 2005) ("In addition to requiring specificity in pleading the federal nature

of a claim, we also require a petitioner to articulate the substance of an alleged violation with

some particularity.")  "Petitioner's assertion of a claim of ineffective assistance of counsel

based on one set of facts [presented to the state courts], does not exhaust other claims of

ineffective assistance of counsel based on different facts" that were not presented to the state

courts.  *Date,* 619 F.Supp.2d at 788. *See also Moormann v. Schriro,* 426 F.3d 1044, 1056-57

(9th Cir. 2005), *cert. denied,* 548 U.S. 927 (2006) (new allegations of ineffective assistance

[18]Petitioner argued that counsel was ineffective because he:  failed to advise the court
of the expired time limitation; misled Petitioner into believing that Petitioner could have the
original plea back; and led Petitioner to believe that the 1992 prior conviction could not be
used at sentencing.  (Answer, Exh. R, pp.6-7 of *"Pro Per* [PCR] Petition").

of counsel not previously raised before the state court cannot be addressed on habeas review). Petitioner's failure to exhaust his claim of ineffective assistance of counsel with regard to his equal protection argument forecloses his reliance on such a claim to excuse his procedural default. *See Edwards,* 529 U.S. at 451-53.[19]

Petitioner's alternative argument that he was without access to a library during the first 18 months of his confinement[20] does not constitute cause for default of his equal protection claim. Petitioner's argument is undermined by the fact that, in his *pro se* brief filed on direct appeal, Petitioner cited and in some instances quoted state and federal case law, state statutes and rules, and provisions of the U.S. Constitution. Claims raised before the state appellate court show that Petitioner was also aware at that time of the factual basis of the claim presented in the instant habeas petition. On the instant record, Petitioner has not shown that his choice to fairly present the state court with some grounds for relief but not others was caused by some objective factor external to his defense.[21] Because Petitioner has not shown that some objective factor external to his defense prevented him from fairly presenting the state court with his equal protection claim raised in Ground I of the instant Petition, he has failed to satisfy the cause requirement. Because Petitioner failed to establish cause, the Court need not address prejudice. *Cook,* 538 F.3d at 1028 n.13 (citation omitted).

---

[19]Although, the procedural default of an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim may "be excused if the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim," Petitioner has presented no justification to excuse his failure to raise such claim before the state court. *Edwards*, 529 U.S. at 453 (emphasis in original).

[20]Petitioner was sentenced on January 16, 2004. (Answer, Exh. G). He filed his brief on direct appeal on February 7, 2005. (Answer, Exh. I).

[21]Petitioner cites lack of access to legal research materials as cause to excuse all procedurally defaulted or barred claims in his Petition. This finding applies to reject any such argument as to all defaulted claims.

b.     Merits

(1.)  Double Jeopardy

The offense giving rise to Petitioner's conviction occurred on August 7, 2001 when Petitioner received a citation for misdemeanor DUI in violation of A.R.S. §28-1381. (Petition, p.6A).  Petitioner claims that in September 2001, he appeared for his second court appearance and was informed by the prosecutor that the misdemeanor charges had been dismissed without prejudice.  (*Id.*; Answer, Exh. I, p.1).  On March 4, 2003, Petitioner was charged by Direct Complaint with Aggravated DUI in violation of A.R.S. §28-1383 arising from the August 7, 2001 incident.  (Answer, Exh. A). Petitioner argues that the State's dismissal of the misdemeanor charges and subsequent filing of felony charges based on the same offense and after expiration of the statute of limitations applicable to misdemeanors violated his rights under the Double Jeopardy Clause of the U.S. Constitution. (Petition, p.6; Petitioner's Memo., pp.2-6).

(a.)  The State Proceeding

Petitioner raised his double jeopardy argument in his PCR Petition.  In ruling on the PCR Petition, the trial court summarized Petitioner's argument on this issue as a claim that "the State unlawfully filed the charges against Petitioner after dismissing the original misdemeanor charge."  (Answer, Exh. W.)   In dismissing the claim, the trial court held: "Petitioner's claim is that the State filed felony charges after the statute of limitations had run.  Petitioner, however, mistakenly argues that the limitations period for misdemeanors applied to his case.  Petitioner was charged with Class 4 felonies.  These charges fell within the seven-year period."  (*Id.*).  The state trial court's decision is the last-reasoned state court opinion this issue.

(b.)  Analysis

The Arizona court did not cite U.S. Supreme Court case law in rejecting Petitioner's claim.  The U.S. Supreme Court has held that the state courts are not required to cite U.S. Supreme Court cases nor are they required to have an "*awareness* of our cases so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early,* 537

U.S. at 8 (emphasis in original).

The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S.Const. amend. V. The Double Jeopardy Clause protects criminal defendants against "a second prosecution for the same offense after acquittal," "a second prosecution for the same offense after conviction," and "multiple punishments for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969) (footnotes omitted), *overruled on other grounds by Alabama v. Smith,* 490 U.S. 794 (1989). "The protections afforded by the Clause are implicated only when the accused has actually been placed in jeopardy. *Serfass v. United States,* 420 U.S. 377...(1975). This state of jeopardy attaches when a jury is empaneled and sworn, or, in a bench trial, when the judge begins to receive evidence." *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569 (1977). *See also Serfass,* 420 U.S. at 391-92 (jeopardy attaches only when the defendant risks a determination of guilt); *United States v. Vaughan,* 715 F.2d 1373 (9th Cir. 1983) (same).

To the extent that Petitioner argues that dismissal of the misdemeanor charges without prejudice constituted an acquittal, the U.S. Supreme Court has pointed out that "an 'acquittal' cannot be divorced from the procedural context in which the action so characterized was taken....The word itself has no talismanic quality for purposes of the Double Jeopardy Clause....In particular, it has no significance in this context unless jeopardy has once attached and an accused has been subjected to the risk of conviction." *Serfass,* 420 U.S. at 1064-65 (citations omitted) (holding that on the facts of that case, dismissal with prejudice did not constitute an "acquittal" under the Double Jeopardy Clause and, thus, did not bar re-prosecution). Under the instant circumstances, Petitioner has not shown that jeopardy had attached and, thus, the prohibition against double jeopardy has not been implicated.

This conclusion is not altered by Petitioner's argument that the felony charges were filed after expiration of the statute of limitations applicable to misdemeanors. Respondents persuasively argue that statutes of limitations and the Double Jeopardy Clause perform two fundamentally different functions. (*See* Answer, pp.37-38). The U.S. Supreme Court has

recognized that:

> The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past.

*Toussie v. United States,* 397 U.S. 112, 115 (1970). *See also United States v. Rossman,* 940 F.2d 535, 536 (9th Cir. 1991) ("'the limitations statute...creates a safeguard against unfair convictions arising from delinquent prosecutions but does not entail a right to be free from trial....'" (*quoting United States v. Levine,* 658 F.2d 113, 126 (3rd Cir. 1981)); *United States v. Davis,* 873 F.2d 900, 909 (6th Cir. 1989) ("The Double Jeopardy Clause protects one against wrongly being tried or 'placed in jeopardy,' but statutes of limitations...'acknowledge the state's right to try certain persons, but then set boundaries on the exercise of that power.'" (*quoting Levine*, 658 F.2d at 127); *Levine,* 658 F.2d at 126 (distinguishing between a statute of limitations and constitutional protections such as the Double Jeopardy Clause and noting that while statutes of limitations "establish restrictions on the state's ability to prosecute, they do not like the constitutional guarantees confer immunity from prosecution."). In contrast, the Double Jeopardy Clause guarantees against receiving multiple punishments for the same offense or being twice put to trial for the same offense after acquittal or conviction. *See Pearce,* 395 U.S. at 717.

Here, regardless of any distinction or similarity concerning statutes of limitations and the guarantees of the Double Jeopardy Clause, the expiration of the statute of limitations applicable to misdemeanors is of no moment with regard to Petitioner's double jeopardy claim. Petitioner was not charged with misdemeanors after expiration of the statute of limitations applicable to such charges. Nor, as discussed above, has he shown that jeopardy had attached at any time prior to institution of the felony charges. Instead, as the state trial court correctly pointed out, Petitioner was charged with class 4 felonies within the applicable statute of limitations. *See* A.R.S. §13-107(B)(1) (the State has seven years to commence prosecution of a class 4 felony). The Double Jeopardy Clause does not apply in this

circumstance.

Because no federal constitutional violation occurred, Petitioner's claim lacks merit. The state court's decision is not contrary to, nor an unreasonable application of, federal law as determined by the United States Supreme Court. Nor did the state court's proceeding result in a decision that was based on an unreasonable determination of the evidence presented.

### (2.) Due Process

The offense giving rise to Petitioner's conviction occurred on August 7, 2001. (Answer, Exh. A). Petitioner claims he was originally charged with misdemeanor DUI and that approximately one month after the offense, the charges were dismissed without prejudice. (Petition, p.6A). On March 4, 2003, Petitioner was charged by Direct Complaint with two counts of Aggravated Driving Or Actual Physical Control While Under The Influence Of Intoxicating Liquor Or Drugs, class 4 felonies, arising from the August 7, 2001 incident. (Answer, Exh. A). Petitioner argues that filing of the felony charges after dismissal of the misdemeanor charges violated his right to due process under the Fourteenth Amendment.

### (a.) The State Proceeding

On direct appeal, the Arizona appellate court recognized Petitioner's claim that his due process rights were violated when the state filed felony charges after dismissal of the misdemeanor charges. (Answer, Exh. J, pp.3-4). The court initially rejected Petitioner's claim for lack of citation to the record. (*Id.* at p.3). Because Petitioner relied on exhibits that were not part of the record, the court found that Petitioner had abandoned his argument. (*Id.* at pp. 3-4). The court went on to reject the claim as follows:

> Assuming the State did dismiss and refile charges against Defendant, no due process...violation occurred. Defendant fails to articulate, and we are unable to discern[] how the dismissal and refiling of the charges violated due process...A dismissal of charges without prejudice does not preclude commencement of another prosecution based upon the same events. *See* Ariz.R.Crim.P. 16.6(a),(d); *Williams v. Superior Court In and For Pima County,* 21 Ariz. App. 239, 241, 517 P.2d 1286, 1288 (1974).... No due process...violation occurred here.

(Answer, Exh. J, p.4). The appellate court's decision is the last-reasoned state court opinion on this issue.

- 31 -

(b.)  Analysis

2    "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause

3    has limited operation." *Dowling v. United States,* 493 U.S. 342, 352-53 (1990). The test for

4    determining whether a due process violation has occurred is often stated in terms of

5    "fundamental fairness."  *See Id.,* 493 U.S. at 352-53.  Further, the U.S. Supreme Court has

6    "defined the category of infractions that violate 'fundamental fairness' very narrowly."  *Id.*

7    at 352.  In doing so, the Court has observed:

8        The Bill of Rights speaks in explicit terms to many aspects of criminal procedure, and
         the expansion of those constitutional guarantees under the open-ended rubric of the
9        Due Process Clause invites undue interference with both considered legislative
         judgments and the careful balance that the Constitution strikes between liberty and
10       order. As we said in *Spencer v. Texas*, 385 U.S. 554, 564, 87 S.Ct. 648, 653, 17
         L.Ed.2d 606 (1967), "it has never been thought that [decisions under the Due Process
11       Clause] establish this Court as a rule-making organ for the promulgation of state rules
         of criminal procedure." Accord, *Estelle v. McGuire*, 502 U.S. 62, 70, 112 S.Ct. 475,
12       481, 116 L.Ed.2d 385 (1991); *Marshall v. Lonberger*, 459 U.S. 422, 438, n. 6, 103
         S.Ct. 843, 853, n. 6, 74 L.Ed.2d 646 (1983).

13   *Medina v. California,* 505 U.S. 437, 443-44 (1992).  *See also Dowling,* 493 U.S. at 353

14   (*quoting Lovasco v. United States,* 431 U.S. 783, 789 (1970)) ("Judges are not free, in

15   defining due process, to impose on law enforcement officials [their] 'personal and private

16   notions' of fairness...[They] are to determine only whether the action complained of...violates

17   those 'fundamental conceptions of justice which lie at the base of our civil and political

18   institutions,'...and which define 'the community's sense of fair play and decency.'").  With

19   regard to the prosecution's decision to file more serious charges than originally charged, the

20   Supreme Court has stated that "'the Due Process Clause is not offended by all possibilities

21   of increased punishment...but only by those that pose a realistic   likelihood of

22   vindictiveness.'" *Goodwin v. United States,* 457 U.S. 368, 384  (1982) (*quoting Blackledge*

23   *v. Perry,* 417 U.S. 21, 27 (1974)).  Thus, "[a] charging decision does not levy an improper

24   'penalty' unless it results solely from the defendant's exercise of a protected legal right,

25   rather then the prosecutor's normal assessment of the societal interest in prosecution." *Id.*

26   at 380 n.11 (citation omitted).  The Court has implied a presumption of vindictiveness when

27   the prosecutor institutes more serious charges after a defendant availed himself of his rights

28

to challenge his conviction. *Blackledge,* 417 U.S. at 27 (recognizing that the "prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial de novo...since such an appeal will clearly require increased expenditures of prosecutorial resources..., and may even result in a formerly convicted defendant's going free. And, if the prosecutor has the means readily at hand to discourage such appeals-by 'upping the ante' through a felony indictment whenever a convicted misdemeant [sic] pursues his statutory appellate remedy-the State can insure that only the most hardy defendants will brave the hazards of a de novo trial."). However, the Court has distinguished cases like *Blackledge*, where the prosecutor institutes more serious charges *post-conviction*, from cases where the prosecutor institutes more serious charges *before trial*. *See Goodwin,* 457 U.S. at 381-82. This is so because before trial,

> the prosecutor's assessment of the proper extent of prosecution may not have crystallized. In contrast, once a trial begins–and certainly by the time a conviction has been obtained–it is much more likely that the State has discovered and assessed all of the information against an accused and has made a determination, on the basis of that information, of the extent to which he should be prosecuted. Thus, a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision.

*Goodwin,* 457 U.S. at 381.

Here, Petitioner was never convicted of the misdemeanor charges. There was no conviction preceding conviction on the felony charges. Thus, the State did not institute felony charges *after* Petitioner successfully appealed or otherwise challenged a misdemeanor conviction or any other conviction related to the August 2001 offenses. To establish a due process violation under the instant circumstances, Petitioner must objectively show that "the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." *Id.* at 384 (footnote omitted).

Respondents herein point out:

> Although Petitioner repeatedly refers to his offense as a mere 'traffic complaint,' he fails to explain how the State's decision to prosecute him for aggravated DUI under A.R.S. §28-1383, well within the felony statute of limitations, did anything more than properly recognize the severity of Petitioner's offense. There is no allegation, for example, that Petitioner did not commit a felony. Nor did Petitioner allege that the State instituted increased charges following Petitioner's assertion of a statutory right, thereby raising the specter of prosecutorial retaliation.

(Answer, p.35) (citations omitted).

Petitioner counters that in his Memorandum filed with his federal Petition he stated:

that after asserting his right to a speedy trial the city court then dismissed...on page 6 [of his Memorandum],...the [P]etitioner does question the states [sic] prosecution for basically acting in a vindictive manner because the petitioner was recharged from a case that had been closed and was subjected to an increase and severity of charges of which he was convicted and sentenced to 8 years.

(Reply, p.20). Review of Petitioner's Memorandum reflects that Petitioner made these assertions when arguing the issue of *double jeopardy* not due process. (Petitioner's Memo., pp.3-6). Moreover, and more importantly, when raising the due process issue before the state court, Petitioner did not present facts or argument to the state court that the felony charges were filed after he raised a speedy trial claim on the misdemeanor charges or that the State's filing of the felony charges was vindictive for any such reason. The record supports the conclusion that the State's imposition of felony charges did not follow any exercise by Petitioner of a right allowed by law. Consequently, the state court's decision on this issue is not contrary to, nor an unreasonable application of, federal law as determined by the United States Supreme Court. Nor did the state court's proceeding result in a decision that was based on an unreasonable determination of the evidence presented.

c.    Recommendation: Ground I

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss as procedurally defaulted: (1) that portion of Petitioner's due process claim regarding the filing of felony charges after the statute of limitations applicable to misdemeanors had expired; and (2) Petitioner's claim that his rights under Equal Protection Clause were violated. The Magistrate Judge also recommends that the District Court deny on the merits Petitioner's claims of violation of the Double Jeopardy Clause and Due Process Clause due to the filing of felony charges after dismissal of the misdemeanor charges.

2.    Ground II

Petitioner asserts that the length of delay between his arrest in 2001 and his trial in 2003, which he calculates to be 800 days, violated Arizona's speedy trial rule, Ariz. R.Crim.P. 8 *et seq.*, the Sixth Amendment right to a speedy trial, and the Due Process Clause.

Respondents contend that: Petitioner's claim of a state rule violation is not reviewable in a federal habeas action; his federal due process claim was not exhausted and is procedurally defaulted; and his Sixth Amendment speedy trial claim is procedurally defaulted.

### a. Cognizability: Claim under Rule 8 of the Arizona Rules of Criminal Procedure

Respondents are correct that federal habeas relief is not available for alleged errors of state law. *See Estelle,* 502 U.S. 62. Therefore, Petitioner's alleged errors in application of Arizona's speedy trial law is not a cognizable claim for federal habeas relief and must be dismissed.

### b. Exhaustion & Procedural Default: Due Process Claim

Respondents argue that it was not until Petitioner filed his Petition for Review of the trial court's denial of his PCR Petition that he raised a due process claim with regard to the alleged 800-day delay between his 2001 arrest and his trial in 2003. Review of Petitioner's direct appeal and his PCR Petition reveal that Respondents are correct.

In his Petition for Review of the trial court's denial of his PCR Petition, when arguing that the State violated Ariz.R.Crim.P. 8, Petitioner stated: "Therefore, if delay between arrest and trial is so egregiously long that it violates due process, the DUI prosecution against the defendant will be dismissed." (Answer, Exh. Y, p.7). Petitioner raised a similar argument in his Petition for Review filed before the Arizona Supreme Court. (Answer, Exh. AA, p.7). However, Petitioner's invocation of the Due Process Clause with regard to this issue in his petitions for review of the denial of his PCR Petition did not result in fair presentation of that claim to the state court given that he did not present the claim to the state trial court in his PCR Petition–the very denial of which he was seeking review. *See Castille,* 489 U.S. at 351; *Casey,* 386 F.3d at 915-19. Petitioner's failure to fairly present his due process claim on this issue renders the claim unexhausted. Moreover, this claim is now procedurally defaulted for the same reasons discussed *supra,* at III.B.1.a.(3.)(a.).

### (1) Cause and Prejudice

Petitioner asserts that the failure of both trial counsel and appellate counsel to raise the

issue earlier constitutes cause to excuse his procedural default. (*See* Reply, pp.10, 12). Review of Petitioner's PCR Petition reflects that Petitioner did not raise an ineffective assistance of counsel claim with regard to this issue. Nor did he raise a claim of ineffective assistance of appellate counsel on this issue. Petitioner's failure to exhaust a claim of ineffective assistance counsel on this issue forecloses his attempt herein to rely on such a claim to excuse his procedural default. *See Edwards,* 529 U.S. at 451-453. Because Petitioner failed to establish cause for his procedural default, the Court need not address prejudice. *Cook,* 538 F.3d at 1028 n.13 (citation omitted).

### c.    Procedural Default: Sixth Amendment Speedy Trial Claim

It is undisputed that Petitioner, through his PCR Petition, presented a claim that his Sixth Amendment right to a speedy trial was violated. The state court held that the claim was precluded under Ariz.R.Crim.P. 32.2(a)(3) because Petitioner failed to assert the claim on direct appeal. (Answer, Exh. W, "(He waived this claim on direct appeal. It is precluded by Rule 32.2(a)(3).")). The Arizona Court of Appeals and Arizona Supreme Court summarily denied review.[22] "Where a state prisoner's federal claim is waived or precluded by violation of a state procedural rule [such as Ariz.R.32.2(a)(3)], it is procedurally defaulted unless the prisoner can demonstrate cause and prejudice." *Cook,* 538 F.3d at 1025-26 ("Preclusion of issues for failure to present them at an earlier proceeding under Arizona Rule of Criminal Procedure 32.2(a)(3) 'are independent of federal law because they do not depend upon a federal constitutional ruling on the merits.' *Stewart v. Smith,* 536 U.S. 856, 850 (2002)." (footnote omitted)). The claim is procedurally defaulted.

### (1.)  Cause and Prejudice

Petitioner asserts that the failure of both trial counsel and appellate counsel to raise the issue earlier constitutes cause to excuse his procedural default. (*See* Reply, pp.10, 12).

---

[22]Under *Ylst,* this Court is directed to presume that the appellate court decisions denying review, without a reasoned opinion, of Petitioner's claim regarding his right to a speedy trial under the Sixth Amendment did not silently disregard the procedural default imposed by the trial court. *Ylst,* 501 U.S. at 802.

When Petitioner filed his PCR Petition, he was aware of his Sixth Amendment speedy trial claim and that trial and appellate counsel had not pursued such a claim. Petitioner argued in his PCR Petition that trial counsel was ineffective for failing to raise a claim under Ariz.R.Crim.P. 8, Arizona's speedy trial rule with regard to counsel's failure to advise the court that the statute of limitations applicable to misdemeanors had expired, yet he did not present the state court with the argument that counsel was also ineffective for failing to raise a claim under the Sixth Amendment. As discussed *supra,* at III.B.1.a.(3.)(b.), a petitioner's assertion of ineffective assistance of counsel based on one set of facts or theories presented to the state courts does not exhaust other claims of ineffective assistance of counsel based on different facts or theories. *See Anderson,* 459 U.S. at 6; *Moormann,* 426 F.3d at 1056; *Date,* 619 F.Supp.2d at 788. Under the instant circumstances, Petitioner did not fairly apprise the state court that he was raising a claim of ineffective assistance of trial counsel based upon counsel's failure to argue that Petitioner's right to a speedy trial under the Sixth Amendment had been violated. Petitioner's failure to apprise the state court of this argument renders such claim unexhausted. Nor did Petitioner exhaust a claim of ineffective assistance of appellate counsel on this issue.

Petitioner's failure to exhaust a claims of ineffective assistance of trial and appellate counsel on this issue forecloses his attempt herein to rely on such claims to excuse his procedural default. *See Edwards,* 529 U.S. at 451-453. Because Petitioner failed to establish cause for his procedural default, the Court need not address prejudice. *Cook,* 538 F.3d at 1028 n.13 (citation omitted).

### d.     Recommendation: Ground II

The Magistrate Judge recommends that the District Court dismiss: (1) Petitioner's claim regrading violation of Rule 8 of the Arizona Rules of Criminal Procedure as non-cognizable; and (2) Petitioner's claims of due process and Sixth Amendment Speedy Trial right violations as procedurally defaulted.

### 3.     Ground III

Petitioner asserts that the State violated the Ex Post Facto Clause by filing the felony

charges. (Petition, p. 8A). He also argues that the State violated his rights to due process, equal protection and a speedy trial and also violated the Ex Post Facto Clause because the State proceeded under the 2002 version of Rule 8.2(a) of the Arizona Rules of Criminal Procedure.[23] (Petitioner's Memo., pp. 9-10).

Respondents concede that Petitioner, during his direct appeal, exhausted his claim that the State's institution of felony charges violated the Ex Post Facto Clause.[24] However, Respondents contend that all other claims are procedurally defaulted.

a.      Exhaustion and Procedural Default

Review of Petitioner's direct appeal shows Petitioner did not argue that it was improper on any ground for the State to proceed under the 2002 version of Ariz.R.Crim.P. 8.2. Nor did Petitioner raise such an argument in his PCR Petition. In his reply brief during the PCR proceedings, Petitioner, when discussing Ariz.R.Crim.P. 8, stated:

> Under the old Hinson Rule, *Hinson v. Coulter*, the State had 150 days from date of arrest to bring DUI cases to trial. Since than [sic] the [S]tate had changed it's [sic] rules to leave out "date of arrest." It now states from date of arraignment to trial, 180 days....In the petitioner's case it was 800 plus days from date of arrest to date of trial. *Doggett,* 505 U.S. at __, 112 S.Ct. at 2690. The court noted that the lower courts have found delay "Presumptively Prejudicial" as it approaches one year. 8-7-01 to 11-4-03. Date of arrest to date of trial. The two year delay prejudiced the petitioner and shows colorable claim to a violation of Rule 8.

(Answer, Exh. T, p.5). Petitioner made no mention of due process, equal protection or the

---

[23]The 2002 version of Ariz.R.Crim.P. 8.2(a) allowed the State more flexibility than its predecessor regarding the time in which to bring the case to trial:

> Prior to May 31, 2002, Rule 8.2(a) stated[:] "Every person against whom an indictment, information or complaint is filed shall be tried by the court having jurisdiction of the offense within 150 days of the arrest or service of summons [with certain exceptions]." ...[E]ffective December 1, 2002, Rule 8.2(a) stated: "Subject to the provisions of Rule 8.4 [and other listed exceptions], every person against whom an indictment, information or complaint is filed shall be tried by the court having jurisdiction of the offense" within: (I) 150 days from the date of arraignment if the person is held in custody," and (ii) "180 days from arraignment if the person is released from custody."

(Answer, p.20 & n.14).

[24]Respondents alternatively argue that Petitioner failed to fairly present this claim to the Arizona Supreme Court. As discussed *supra,* at III.B.I.a.(2.), this argument fails.

- 38 -

Ex Post Facto Clause with regard to the rule change. It is questionable whether Petitioner's mention of the rule change for the first time in his reply brief resulted in fair presentation of *any* ground for relief related to that issue. The Court, however, need not resolve this question given that Petitioner's mere mention of the rule change, without also apprising the state court of any argument that the State's reliance on the 2002 version of the rule violated Petitioner's rights under the Due Process Clause, the Equal Protection Clause and/or the Ex Post Facto Clause, did not result in fair presentation of these grounds for relief.

As discussed *supra*, the fact that Petitioner may have raised such grounds in his petition for review of the trial court's denial of his PCR Petition does not render the claims exhausted. *See Castille,* 489 U.S. at 351; *Casey,* 386 F.3d at 915-19. Consequently, these claims are now procedurally defaulted. *See* discussion, *supra, at* III.B.1.a.(3.)(a.).

### b. Cause and Prejudice

Petitioner asserts that the failure of both trial counsel and appellate counsel to raise the issue earlier constitutes cause to excuse his procedural default. (*See* Reply, pp.10, 12).

Although Petitioner argued in his PCR Petition that trial counsel was ineffective for failing to raise a claim under Ariz.R.Crim.P. 8, Arizona's speedy trial rule, Petitioner did not present the state court with the argument that counsel was also ineffective for failing to raise a claim that the State's alleged violation of Arizona Rule 8.2 violated the Ex Post Facto Clause, the Equal Protection Clause, or the Due Process Clause. As discussed *supra,* at III.B.3.a.(3.)(b.), a petitioner's assertion of ineffective assistance of counsel based on one set of facts or theories presented to the state courts does not exhaust other claim of ineffective assistance of counsel based on different facts or theories. *See Anderson,* 459 U.S. at 6; *Moormann,* 426 F.3d at 1056; *Date,* 619 F.Supp.2d at 788. Under the instant circumstances, Petitioner did not fairly apprise the state court that he was raising a claim of ineffective assistance of trial counsel based upon counsel's failure to raise the constitutional challenges Petitioner raises herein concerning application of Ariz.R.Crim.P. 8.2. Petitioner's failure to apprise the state court of this argument renders such claim herein unexhausted. Nor did Petitioner exhaust a claim of ineffective assistance of appellate counsel on this issue.

Petitioner's failure to exhaust claims of ineffective assistance of trial and appellate counsel on this issue forecloses his attempt herein to rely on such claims to excuse his procedural default. *See Edwards,* 529 U.S. at 451-453. Because Petitioner failed to establish cause for his procedural default, the Court need not address prejudice. *Cook,* 538 F.3d at 1028 n.13 (citation omitted).

### c. Merits

#### (1.) Ex Post Facto

Petitioner claims that the State's imposition of felony charges after dismissal of the misdemeanor charges violated the Ex Post Facto Clause by placing him "at risk of increased punishment." (Petition, p.8A).

#### (a.) The State Proceeding

Petitioner argued on direct appeal that the institution of the felony charges after dismissal of the misdemeanor charges violated the Ex Post Facto Clause. In rejecting this claim, the Arizona Court of Appeals stated:

> Defendant fails to articulate, and we are unable to discern, how the dismissal and refiling of the charges violated...the Ex Post Facto Clause. A dismissal of charges without prejudice does not preclude commencement of another prosecution based upon the same events. *See* Ariz.R.Crim.P. 16.6(a),(d); *Williams v. Superior Court In and For Pima County,* 21 Ariz. App. 239, 241, 517 P.2d 1286, 1288 (1974). A law violates the Ex Post Facto Clause when it "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Calder v. Bull,* 3 U.S. 386, 390 (1798). However, Defendant fails to show that he was subject to increased punishment. No...Ex Post Facto Clause violation occurred.

(Answer, Exh. J, p.4). The appellate court's decision is the last-reasoned state court opinion on this issue.

#### (b.) Analysis

The Ex Post Facto Clause prohibits the States from passing any "ex post facto Law." U.S. Const. Art I, §10, cl.1. The U.S. Supreme Court has "held that the Clause is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *California Dep't. of Corrections v. Morales,* 514 U.S. 499, 504-505 (1995) (*quoting Collins v. Youngblood,* 497 U.S. 37, 43 (1990)). *See also Collins,* 497 U.S. at 41 ("the constitutional prohibition on ex post facto laws applies only to penal statutes which

- 40 -

disadvantage the offender affected by them.") (*citing Calder v. Bull,* 3 U.S. 386 (1798)). The Supreme Court has summarized the meaning of the Clause as follows:

> "It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*."

*Collins,* 497 U.S. at 42 (*quoting Beazell v. Ohio,* 269 U.S. 167, 169-70 (1925)). Thus, under the Ex Post Facto Clause, "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." *Id.* at 43.

The focus of the ex post facto inquiry is "on whether any [legislative]...change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Morales,* 514 U.S. at 506 n.3. Thus, a law violates the Ex Post Facto Clause if it is retroactive in that it applies "to events occurring before its enactment," *Weaver v. Graham,* 450 U.S. 24, 29 (1981); and it is detrimental in that it "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Morales,* 514 U.S. at 509 (footnote omitted). *See also Brown v. Palmateer,* 379 F.3d 1089, 1093 (9th Cir. 2004) (identifying these factors as the "two-part test for assessing Ex Post Facto claims."). "The inquiry looks to the challenged provision, and not to any special circumstances that may mitigate its effect on the particular individual." *Weaver,* 450 U.S. at 33.

Respondents correctly point out that "Petitioner does not (and cannot) contend that he was prejudiced by a retroactive change in the applicable law." (Answer, p.32). Although Petitioner may have initially been charged with misdemeanor DUI, Petitioner himself concedes that the misdemeanor charges were dismissed without prejudice. (*Id.* (citing Petition, Ground I)). The State's decision to file felony charges under which Petitioner faced a more severe punishment than under misdemeanor charges does not implicate the Ex Post Facto Clause given that the increase in punishment resulted from a charging decision and not from retroactive application of a statute which "ma[d]e[] more burdensome the punishment for a crime, after its commission...." *Collins,* 497 U.S. at 42 (*quoting Beazell,* 269 U.S. at

169-70)).

Nor does Petitioner's reliance on the expiration of the statute of limitations applicable to misdemeanors implicate the Ex Post Facto Clause in this case. The Supreme Court has invoked the Ex Post Facto Clause to strike down a statute that "resurrect[ed]...a time-barred prosecution...." *Stogner v. California,* 539 U.S. 607, 616 (2003) (the Court also noted that its holding did not affect extensions of unexpired statutes of limitations). In contrast to *Stogner,* when Petitioner committed his class 4 felony DUI offenses, the statute of limitations applicable to class 4 felonies permitted the State to prosecute within seven years. *See* A.R.S. §13-107(B)(1). That limitations period had not expired when the State brought the felony charges against Petitioner. Petitioner was not subjected to a newly-enacted statute. On these facts, Petitioner fails to show a violation of the Ex Post Facto Clause.

On the instant record, the State's act of filing felony charges against Petitioner after expiration of the statute of limitations applicable to misdemeanors was not a retroactive act of a legislature, did not criminalize conduct that was innocent when done, did not make more burdensome the punishment for a crime *after* it was committed, and did not deprive Petitioner of any defense available according to law at the time the act was committed. *See Collins,* 497 U.S. at 42. Consequently, the state court's decision on this issue is not contrary to, nor an unreasonable application of, federal law as determined by the United States Supreme Court. Nor did the state court's proceeding result in a decision that was based on an unreasonable determination of the evidence presented.

d.     Recommendation: Ground III

The Magistrate Judge recommends that the District Court dismiss as procedurally defaulted Petitioner's claims of violation of the Ex Post Facto Clause, Equal Protection Clause and the Due Process Clause with regard to the State's alleged reliance on the 2002 version of Ariz.R.Crim.P. 8.2. The Magistrate Judge also recommends that the District Court deny on the merits Petitioner's claim of violation of the Ex Post Facto Clause with regard to the filing of the felony charges after dismissal of the misdemeanor charges.

4.     Ground IV

Petitioner asserts a claim of ineffective assistance of trial counsel under the Sixth

Amendment on the grounds that trial counsel failed to: (1) advise the trial court that the

charges against Petitioner were insufficient as a matter of law; (2) "subject the prosecution's

case to any meaningful adversarial testing..."; (3) "advise the court of the lapsed expiration

of time..."; and (4) raise the issue of Petitioner's right to a speedy trial under the U.S.

Constitution. (Petition, p. 9. *See also* Petitioner's Memo. pp. 11-12).

Respondents argue that Petitioner did not exhaust any of these claims and that the claims

are now procedurally defaulted.

a.     Exhaustion & Procedural Default

Respondents assert that Petitioner did not fairly present the state court with a federal claim

of ineffective assistance of counsel because Petitioner did not specify that the claim was

brought pursuant to the U.S. Constitution. Respondents further assert that even if Petitioner

fairly apprised the state court of the federal nature of his claim, only one of Petitioner's

claims raised in the instant Petition–that counsel failed to advise the court of the lapsed time

limitation– was presented to the state court. "[B]ecause the exhaustion of one ineffectiveness

claim does not exhaust other bases for the alleged ineffectiveness...", Respondents contend

that Petitioner's remaining claims are unexhausted. (Answer, p.24).

With regard to the issue of ineffective assistance of counsel, Petitioner stated on the form

bearing his Notice of Post-Conviction Relief that he "was denied his U.S. [C]onstitutional

right to Due Process by Ineffective Assistance of Counsel." (Answer, Exh. O, p.3). He

attached to that form a handwritten brief wherein he asserted that he "was denied his

constitutional right to due process by ineffective assistance of counsel." (Answer, Exh. O,

p.2 of brief) (Petitioner's use of capitalization omitted)). Under this caption, Petitioner

argued that his "Public Defender James Daily (trial attorney) under Rule 8.1(D)[25][sic] failed

[25]Rule 8.1(d) of the Arizona Rules of Criminal Procedure provides:

Duty of Defense Counsel. The defendant's counsel shall advise the court of

to advise the court of the expired time limitation of [§] 28-1381 under A.R.S. [§] 13-107(B)(2), in the defendant's case." (*Id.*).

In his PCR Petition, Petitioner asserted that he "was denied his constitutional right to due process by ineffective assistance of counsel." (Answer, Exh. R, p.6 of "*Pro Per* [PCR] Petition") (Petitioner's use of capitalization omitted)). Under this heading, Petitioner argued that trial counsel failed to satisfy his obligation under Ariz.R.Crim.P. 8.1(d) to "advise the court of the expired time limitation of [§] 28-1381...under A.R.S. [§] 13-107(B)(2), in the Defendant's case....Violation of Speedy Trial Rule, Ariz. Criminal Rule 8, cannot extend statute of limitations for criminal prosecutions, §13-107. *Price v. Maxwell* (1984) 140 Ariz. 232, 681 P.2d 384."[26] (*Id.* at p.7). Petitioner also alleged that trial counsel was ineffective

_____

the impending expiration of time limits in the defendant's case. Failure to do so may result in sanctions and should be considered by the court in determining whether to dismiss an action with prejudice pursuant to Rule 8.6

Ariz.R.Crim.P. 8.1(d) (1998).

[26]*Price* involved application of A.R.S. §13-107(F) which at the relevant time provided that:

If a timely complaint, indictment or information is dismissed for any error, defect, insufficiency or irregularity, a new prosecution may be commenced within six months after the dismissal becomes final even if the period of limitation has expired at the time of the dismissal or will expire within six months of such dismissal.

*Price,* 140 Ariz. at 233, 681 P.2d at 385 (*citing* A.R.S. §13-107(F)). The statute has since been amended. The issue in *Price* concerned whether A.R.S. §13-107(F) permitted the refiling of misdemeanor charges after the dismissal of the same violations without prejudice on speedy trial grounds pursuant to Ariz.R.Crim.P. 8, and after the statute of limitations had expired. *Id.* The Arizona Supreme Court in *Price* held that A.R.S. §13-107(F) did not toll the statute of limitations in such a case. *Id.* at 234, 681 P.2d at 386. In so holding, the Arizona court analyzed federal statutes providing a similar savings clause. *Id.* at 233, 681 P.2d at 385 (*citing* 18 U.S.C. §§3288, 3289). The *Price* court did not discuss or otherwise cite the right to a speedy trial under the Sixth Amendment of the U.S. Constitution or legal standards for that or any other federal constitutional violation. Hence, Petitioner's citation to *Price* did not exhaust any claim of a federal constitutional violation. *Cf. Castillo,* 399 F.3d at 999 ("we have held that citation to either a federal or state case involving the legal standard for a federal constitutional violation is sufficient for establishing exhaustion.")

because he led Petitioner to believe that Petitioner could "get his original plea of 2.5 years back before the court..." and because he led Petitioner to believe that the 1992 prior conviction would not be used against Petitioner in light of the trial court's ruling that the prior would not be admissible at trial under Ariz.R.Evid. 609.  (*Id.*).  Elsewhere in his PCR Petition, under the caption "Argument" with regard to the issue of ineffective assistance of trial counsel, Petitioner again asserted that counsel was ineffective by leading Petitioner to believe that the 1992 prior conviction "would not be alleged..." but the judge nonetheless considered it at sentencing.  (*Id.* at p.12). Petitioner also reiterated his argument that pursuant to Ariz.R.Crim.P 8.1, trial counsel "should have advised the court of the *lapsed expiration of time limits* in defendants [sic] case under §13-107(B)(2)."  (*Id.* at p.13) (emphasis in original).

The safeguards provided in the Sixth Amendment, including right to counsel, apply to the states through the Due Process Clause of the Fourteenth Amendment. *See Kansas v. Ventris,* __ U.S. __, 129 S.Ct. 1841, 1844-1845 (2009) (right to counsel under the Sixth Amendment applies to the states through the Fourteenth Amendment); *Danforth v. Minnesota,* 552 U.S. 264, __, 128 S.Ct. 1029, 1035 (2008) ("Slowly at first, and then at an accelerating pace in the 1950's and 1960's, the Court held that safeguards afforded by the Bill of Rights–including a defendant's Sixth Amendment right[s]...– are incorporated in the Due Process Clause of the Fourteenth Amendment and are therefore binding upon the States."). Petitioner's reference in his Notice of Post-Conviction Relief to the Due Process Clause of the United States Constitution with regard to his claim of ineffective assistance of counsel together with references to the Due Process Clause when setting forth this claim in his PCR Petition fairly apprised the state court that he was raising a federal claim of ineffective assistance of trial counsel.

Petitioner was not only required to apprise the state courts that he was making a claim under the U.S. Constitution, but he was also required to provide the  the *operative facts* upon

which his claim was based. *See Moormann,* 426 F.3d at 1056; *Castillo,* 399 F.3d at 999; *Kelly v. Small,* 315 F.3d 1063, 1066, 1068 n.2 (9th Cir. 2001), *overruled on other grounds, Robbins v. Carey,* 481 F.3d 1143 (9th Cir. 2007). Review of Petitioner's claims of ineffective assistance of counsel raised in his Petition for Post-Conviction Relief show that Petitioner did not present to the state courts the operative facts related to Petitioner's claims brought in the instant federal Petition regarding counsel's alleged failure to: advise the trial court that the charges against Petitioner were insufficient as a matter of law; "subject the prosecution's case to any meaningful adversarial testing..."; and raise the issue of Petitioner's right to a speedy trial under the U.S. Constitution. (Petition, p. 9). Consequently, Petitioner has failed to exhaust these portions of his claim. Moreover, these claims are now procedurally defaulted for the same reasons discussed *supra, at* III.B.1.a.(3)(a.).

b.     Cause & Prejudice

Neither lack of access to research materials nor ineffective assistance of counsel can excuse Petitioner's failure to exhaust. In addition to the reasons set forth *supra, at* III.B.3.a.(3.)(b.), rejecting Petitioner's claim regarding lack of access to research materials, this Court is also mindful that in Arizona, claims of ineffective assistance of counsel are properly raised in a PCR petition rather than on direct appeal. *See Wagner,* 2008 WL 169639, *9 (*citing State v. Spreitz,* 202 Ariz. 1, 39 P.2d 525 (2002)). Petitioner concedes that he had access to legal research materials by the time he filed his PCR Petition. (Reply, p.12). Further, when Petitioner filed his PCR Petition he was aware of the bases of his unexhausted ineffective assistance of counsel claims. On this record, no objective factor external to the defense impeded Petitioner's effort to present such claims in his PCR Petition. (*See Id.*). Further, Petitioner's generic claims of ineffective assistance of trial and appellate counsel raised in his Reply have no bearing on Petitioner's failure to raise claims of ineffective assistance of trial counsel in his PCR proceeding.[27] Moreover, Petitioner has not and cannot

---

[27]Even if such claims could somehow be asserted, Petitioner's failure to previously exhaust any such claims before the state court would foreclose Petitioner's reliance on these

- 46 -

claim ineffective assistance of counsel rendered during his PCR proceeding given that "the protections of the Sixth Amendment right to counsel do not extend...to state collateral proceedings...." *Bonin v. Vasquez,* 999 F.2d 425, 430 (9th Cir. 1993). *See also* 28 U.S.C. §2254(I) (the ineffectiveness of counsel during state post-conviction relief proceedings shall not be a ground for relief in a proceeding filed pursuant to section 2254); *Poland v. Stewart,* 169 F.3d 573, 588 (9th Cir. 1999) (stating that because there is no constitutional right to counsel in state collateral review proceedings, there is no constitutional right to effective assistance of counsel during such collateral review proceedings). This is true even where counsel has been appointed to represent a petitioner during state collateral review proceedings. *Poland,* 169 F.3d at 578. Because Petitioner failed to establish cause for his procedural default, the Court need not address prejudice. *Cook,* 538 F.3d at 1028 n.13 (citation omitted).

### c.    Merits

As discussed above, the only portion of Petitioner's claim of ineffective assistance of counsel that is subject to review on the merits, is Petitioner's claim that trial counsel was ineffective by failing to advise the court of the "lapsed expiration of time...." with regard to the expired statute of limitations applicable to misdemeanor cases.

### (1.)  The State Proceeding

Petitioner presented the issue in his PCR Petition wherein he argued that trial counsel failed to satisfy his obligation under Ariz.R.Crim.P. 8.1(d) when he to"failed to advise the court of the expired time limitation of [§] 28-1381[28]...under A.R.S. [§] 13-107(B)(2), in the Defendant's case." (Answer, Exh. R, p.7 of "*Pro Per* [PCR] Petition"; *see also Id.* at p.12). A.R.S. §107(B)(2) provides a one year statute of limitations for misdemeanor offenses. A.R.S. §107(B)(2) (2001).

In dismissing Petitioner's PCR Petition, the trial court found that Petitioner mistakenly

---

claims to excuse his procedural default. *See Edwards,* 529 U.S. at 451-53.

[28]A.R.S. §28-1381 governs misdemeanor DUI.

- 47 -

argued that the limitations period for misdemeanors applied to his case and for this reason, the court rejected Petitioner's argument that the State had filed the felony charges after expiration of the statute of limitations. (Answer, Exh. W). The Court went on to state that "Petitioner was charged with Class 4 felonies. These charges fell within the seven-year period" provided in the statute of limitations applicable to the filing of class 4 felony charges. (*Id.*). *See also* A.R.S. §107(B)(1) (2001). In dismissing Petitioner's claim of ineffective assistance of counsel on the statute of limitations issue, the trial court held: "Petitioner's counsel was not ineffective in violation of state law by failing to move to dismiss the charges. The charges were filed well within the statute of limitations." (Answer, Exh. W).

The trial court's decision is the last-reasoned state court opinion on this issue.

(2.)  Analysis

In *Strickland v. Washington*, 466 U.S. 668,687 (1984), the Supreme Court established a two-part test for evaluating ineffective assistance of counsel claims. To establish that his trial counsel was ineffective under *Strickland*, a petitioner must show: (1) that his trial counsel's performance was deficient; and (2) that trial counsel's deficient performance prejudiced petitioner's defense. *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998)(citing *Strickland*, 466 U.S. at 688, 694).

To establish deficient performance, Petitioner must show that "counsel made errors so serious...that counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms. *Strickland*, 466 U.S. at 687-688. The relevant inquiry is not what defense counsel could have done, but rather whether the decisions made by defense counsel were reasonable. *Babbit v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). In considering this factor, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690. The Ninth Circuit "h[as] explained that '[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation.'" *Ortiz*, 149 F.3d at 932 (*quoting Hensley v. Crist*, 67 F.3d 181, 184 (9th Cir. 1995)). "The reasonableness of counsel's

performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Additionally, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct , and to evaluate the conduct from counsel's perspective at the time. *Strickland*, 466 U.S. at 689.

Even where trial counsel's performance is deficient, Petitioner must also establish prejudice in order to prevail on his ineffective assistance of counsel claim. To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; Under the prejudice factor, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Because failure to make the required showing of either deficient performance or prejudice defeats the claim, the court need not address both factors where one is lacking. *Id.* at 697-700.

Additionally, under the AEDPA, the federal court's review of the state court's decision is subject to another level of deference. *Bell v. Cone*, 535 U.S. 685, 689-699 (2002). In order to merit habeas relief, therefore, Petitioner must make the additional showing that the state court's ruling that counsel was not ineffective constituted an unreasonable application of *Strickland*. 28 U.S.C. §2254(d)(1); *West v. Schriro*, 2007 WL 4240859, *7 (D.Ariz. Nov 29, 2007).

The State had seven years from August 7, 2001 to commence class 4 felony charges against Petitioner. *See* A.R.S. §13-107(B)(1). The Direct Complaint charging Petitioner with class 4 felonies was filed on March 4, 2003. (Answer, Exh. A).

Under Rule 8.1 of the Arizona Rules of Criminal Procedure, defense counsel must "advise the court of the impending expiration of time limits in the defendant's case." Ariz.R.Crim.P. 8.1(d). (2001). It is unclear if Rule 8.1(d) applies to time limitations other than those

pertaining to Arizona's speedy trial rule. Assuming that it does, Petitioner claims that trial counsel failed to comply with this requirement because he did not inform the court that the statute of limitations applicable to misdemeanor cases had expired. Counsel is alleged to have committed this violation of Rule 8.1(d) while he was representing Petitioner on Class 4 felony DUI charges that were indisputably filed within the seven-year statute of limitations applicable to class 4 felonies. *See* A.R.S. §13-107(B)(1) (the State has seven years to commence prosecution of a class 4 felony). Thus, as the state court found in dismissing Petitioner's PCR claim on this issue, counsel had no basis to advise the court about any statute of limitations expiration given that the class 4 felony charges against Petitioner were filed within the applicable limitations period. (*See id.*). Consequently, the state court's decision on this issue is not contrary to, nor an unreasonable application of, federal law as determined by the United States Supreme Court. Nor did the state court's proceeding result in a decision that was based on an unreasonable determination of the evidence presented. Petitioner's claim fails on the merits.

### d.    Recommendation: Ground IV

The Magistrate Judge recommends that the District Court dismiss as procedurally defaulted Petitioner's claims of ineffective assistance of trial counsel regarding Petitioner's allegations that trial counsel failed to: advise the trial court that the charges against Petitioner were insufficient as a matter of law; "subject the prosecution's case to any meaningful adversarial testing..."; and raise the issue of Petitioner's right to a speedy trial under the U.S. Constitution. (Petition, p. 9). The Magistrate Judge also recommends that the District Court deny on the merits Petitioner's claim of ineffective assistance of counsel with regard to trial counsel's alleged failure to advise the court of the "lapsed expiration of time..." with regard to the statute of limitations applicable to misdemeanors. (*Id.*).

### 5.    Ground V

Petitioner challenges his sentence on multiple grounds. Petitioner asserts that his rights under the Sixth Amendment and *Blakely v. Washington,* 542 U.S. 296 (2004) were violated because the trial court "fail[ed] to submit to a jury a sentencing enhancement allegation...."

(Petitioner's Memo., p.15). He also asserts that use of his 1992 and 1993 prior convictions to enhance his sentence violated his rights to due process and equal protection[29] and was an abuse of discretion[30] because: (1) his 1992 prior conviction was too old to qualify as a historical prior felony conviction under A.R.S. §13-604 and the trial court used the conviction as a sentencing enhancement even though the court had found that the conviction was inadmissable at trial (Petition, p. 10; Petitioner's Memo., p.14); (2) the trial court used Petitioner's 1992 prior conviction at sentencing even though the State did not establish the prior conviction through proper evidence; and (3) Petitioner's 1993 prior conviction was too old to be used to enhance Petitioner's sentence. (Petition, p. 10; Petitioner's Memo., p.14). He also claims that the trial court's use at sentencing of the 1992 prior conviction placed him in double jeopardy (Petitioner's Memo., pp.13-14). Petitioner further asserts that: (1) "A.R.S. § 13-702(C) is unconstitutional on its face" (Petition, p.10); (2) "A.R.S. § 13-604 was never named in the charging complaint" (*Id.*); and (3) "violation of [Sixth] Amendment..." (*Id.*) due to "double or triple counting..." (Petitioner's Memo., p.15).

Respondents concede that Petitioner's *Blakely* claim was exhausted on direct appeal. (Answer, pp.24-25). However, Respondents contend that all other claims were not exhausted and, thus, are procedurally defaulted.

        a.     Exhaustion & Procedural Default

                (1.)  Whether trial court's use of Petitioner's 1992 prior conviction at sentencing violated the guarantees of the Due Process Clause in light of the trial court's ruling that the prior conviction was

---

[29]Although Petitioner did not cite due process and equal protection violations in his form Petition, he does state in his Memorandum submitted with his form Petition that "[u]sing these prior convictions to enhance [P]etitioner's sentence from 2.5 years to 10 years violated Due Process and Equal Protection." (Petitioner's Memo., p.14).

[30]The Court agrees with Respondents that Petitioner's allegation that the trial court abused its discretion at sentencing on the issues cited "is not independently cognizable in habeas because it alleges a violation of state law." (Answer, p. 26 (*citing Estelle,* 502 U.S. at 67; *Nunes v. Ramirez-Palmer,* 485 F.3d 432, 443 (9th Cir. 2007))).

<u>inadmissible at trial to impeach Petitioner</u>

On direct appeal, Petitioner argued that the trial court's use of his 1992 historical prior conviction at sentencing "[d]enied his U.S. Constitutional right to Due Process..." in light of the court's previous ruling that the prior was inadmissible during trial pursuant to Ariz.R.Evid. 609.[31]  (Answer, Exh. I, p.4. *See also Id.* at p. 3 ("The Appellate [sic] was [d]enied his U.S. Constitutional Right to Due Process when the State [e]ntered 609....Even though the State found appellate's prior conviction of [1992]...to[o] old the state still used the conviction for enhancement [sic] purposes."); Answer, pp.7-8).  In resolving Petitioner's direct appeal, the appellate court acknowledged that Petitioner argued "that his due process rights were violated" on this issue, and went on to examine A.R.S. §13-702(C)(11) (Supp. 2004) and state case law.  (Answer, Exh. J, p.6).

Respondents contend that Petitioner's claim merely raises a state law issue which is not cognizable on federal habeas review.  (Answer, p.25 (*citing Estelle,* 502 U.S. at 67 ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"); *Nunes,* 485 F.3d. at 443 ("[I]n federal court, there is no right to bring a habeas petition on the basis of a violation of state law.")).

Respondents are correct that a federal court can grant habeas relief to a petitioner "only on the ground that he or she is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  Thus, "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions."  *Estelle,* 502 U.S. at 68.  Therefore, the province of a federal habeas court to review "a state court's application of [state sentencing procedures]...is limited, at most, to determining whether the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation."  *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990).  *See also Richmond v. Lewis,* 506 U.S. 40, 50 (1992) ("Of course, the question to be decided by a federal court on

---

[31]The trial court ruled that the prior was inadmissible as impeachment evidence at trial under Ariz.R.Evid. 609 because it was more than ten years old.  (*See* Answer, Exh. J, p.6).

petition for habeas corpus is not whether the state sentencer committed state-law error....Rather, the federal, constitutional question is whether such reliance is so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation.")(internal quotation marks and citations omitted); *Christian v. Rhode,* 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); *Makal v. State of Arizona,* 544 F.2d 1030, 1035 (9th Cir. 1976) ("So long as the type of punishment is not based upon any proscribed federal grounds...the penalties for violations of state statutes are matters of state concern."); *Altamirano v. Schriro,* 2008 WL 4704209, *2 (D.Ariz. Oct. 24, 2008) ("no federal constitutional issue is presented where...the sentence is within the range prescribed by state law")(citation omitted).

Petitioner herein did not merely argue that the state court violated state sentencing law. He argued that the alleged violation of state sentencing law violated his due process rights under the U.S. Constitution. Under the instant circumstances, Petitioner fairly presented, and exhausted, a federal due process claim on direct appeal when he asserted that he was denied his right to due process under the U.S. Constitution when the trial court considered his 1992 prior conviction at sentencing even though that prior conviction was ruled inadmissible at trial under Ariz.R.Evid. 609. The Court will consider the claim on the merits.

> (2.) Whether use of Petitioner's 1992 prior conviction at sentencing violated the guarantees of the Due Process Clause in light of State's evidence presented on the issue

Petitioner also argues in his instant Petition that his 1992 prior conviction was not properly proved to the court because "the states [sic] own expert witness could not put a definite match to the finger print on the document nor was the proper document proved authentic." (Petition, p. 10). Petitioner did not raise this argument on direct appeal to challenge the trial court's use of the 1992 prior conviction at sentencing. Although Petitioner's PCR Petition challenged on several grounds the trial court's use of the 1992 conviction at sentencing, Petitioner never argued, as he argues in the instant federal habeas Petition, that the trial

court's findings concerning that conviction were erroneous due to issues concerning finger prints or authenticity of the documents used to prove the prior. Accordingly, Petitioner failed to exhaust any such claim. Moreover, this claim is now procedurally defaulted for the same reasons discussed *supra, at* III.B.1.a.(3.)(a.).

(b.) Cause & Prejudice

The State's allegations of historical prior convictions came on for a bench trial on January 16, 2004. (Answer, Exh. F). Petitioner was sentenced at the same proceeding. (*Id.*). Thus, Petitioner was aware in January 2004 of the testimony presented by the State to prove the allegation of his 1992 prior conviction. Petitioner did not raise the issue to the state court in either his direct appeal or his PCR Petition. Petitioner's generic claim of ineffective assistance of trial and appellate counsel as cause to excuse his failure to exhaust the claim is not sufficient given that Petitioner never exhausted a claim of ineffective assistance of either trial or appellate counsel with regard to this issue.[32] *See Edwards,* 529 U.S. at 451-53. Because Petitioner failed to establish cause for his procedural default, the Court need not address prejudice. *Cook,* 538 F.3d at 1028 n.13 (citation omitted).

(3.) Whether use of Petitioner's 1993 prior conviction at sentencing violated the guarantees of the Due Process Clause in light of the age of that prior

Petitioner argued on direct appeal that he "was [d]enied his U.S. Constitutional Right to

---

[32]In his PCR Petition, under the heading relating to ineffective assistance of counsel, Petitioner argued that "the court ruled on Defendants [sic]... [1992] prior conviction as being too old (over 10 years), and [trial counsel] James Daily misled the defendant to believe the [1992] prior...conviction would not be used against him." (Answer, Exh. R, p.7 of "*Pro Per* [PCR] Petition") When further developing this argument, Petitioner claimed that trial counsel "misled [him] to believe the [1992]...prior conviction would not be alleged as [the trial judge]...*found it to be too old at over 10 years.* The same prior was determined to be under 10 years old after finding Defendant guilty. This would place Defendant in double jeopardy by re-litigating what was already determined." (*Id.* at p. 11) (emphasis in original). On this record, Petitioner did not present the state court with any factual or legal theory that would support a claim of ineffective assistance of trial counsel with regard to the State's evidence used to establish Petitioner's 1992 prior conviction.

- 54 -

Due Process when the State enhanced his sentence with two non-allegeable [sic] Historical Prior Convictions." (Answer, Exh. I, p.7). With regard to his 1993 prior conviction, Petitioner argued that because that conviction involved a class 5 felony and more than five years had passed since the offense giving rise to that conviction, it was too old to qualify as a historical prior felony under the Arizona sentencing statute. (*Id.* at p. 8).

Petitioner herein did not merely raise an issue of state sentencing law. He argued that the state's alleged violation of state sentencing law violated his due process rights under the U.S. Constitution. *See* discussion, *supra*, at III.B.5.a.(1.). Under the instant circumstances, Petitioner fairly presented, and exhausted, a federal due process claim on direct appeal when he asserted that he was denied his right to due process under the U.S. Constitution when the trial court considered his 1993 prior conviction at sentencing. The Court will consider the claim on the merits.

(4.)  Whether use of Petitioner's 1992 and 1993 prior convictions
at sentencing violated the guarantees of the Equal Protection Clause

Respondents are correct that Petitioner's equal protection theory has not been fairly presented to the state courts and, therefore, is not exhausted. On direct appeal, Petitioner did not challenge on equal protection grounds the use of his 1992 or 1993 prior convictions at sentencing. (*Id.*). Additionally, Petitioner did not raise a federal equal protection argument in his PCR Petition with regard to the trial court's use of Petitioner's 1992 and 1993 prior convictions at sentencing. (*See* Answer, Exh. O, R, T). Accordingly, Petitioner did not exhaust an equal protection claim on this issue. Moreover, these claims are now procedurally defaulted for the same reasons discussed *supra, at* III.B.1.a.(3.)(a.).

(a.)  Cause and Prejudice

Petitioner's generic claim of ineffective assistance of trial and appellate counsel as cause to excuse his failure to exhaust the claims is insufficient given that Petitioner never exhausted a claim of ineffective assistance of either trial or appellate counsel on the issue that counsel failed to challenge use of the prior convictions at sentencing based on federal equal

protection grounds.[33]  *See Edwards,* 529 U.S. at 451-53.  Because Petitioner failed to establish cause for his procedural default, the Court need not address prejudice.  *Cook,* 538 F.3d at 1028 n.13 (citation omitted).

> (5.)  Whether the use of Petitioner's 1992 prior conviction at sentencing placed Petitioner in double jeopardy in light of the trial court's ruling that the prior conviction was inadmissible at trial to impeach Petitioner

Petitioner claims his rights under the Double Jeopardy Clause were violated when the state court used his 1992 conviction at sentencing after having previously ruled that the prior was inadmissible as impeachment evidence during trial. (Petitioner's Memo., pp.13-14).

Respondents contend that Petitioner raised the claim in his PCR Petition and the state court found the claim to be precluded under Ariz.R.Crim.P. 32.2(a)(2) because Petitioner had raised it on appeal.  (Answer, p.26 (*citing* Answer, Exh. W)).  Therefore, Respondents argue that the claim is barred under the doctrine of adequate and independent state grounds. (Answer, p.26).

In dismissing Petitioner's PCR Petition, the state trial court acknowledged Petitioner's claim that:

> the trial court abused its discretion and violated the Double Jeopardy Clause by precluding the State from mentioning Petitioner's prior conviction and then later relying on that conviction as a historical prior felony conviction.

---

[33]Petitioner's claim of ineffective assistance of counsel raised in his PCR Petition did not present the state court with facts or argument sufficient to apprise that court that Petitioner was rasing a claim of ineffective assistance of counsel with regard to counsel's purported failure to raise an equal protection challenge to the use of Petitioner's 1992 prior conviction as a sentencing enhancement. *See supra,* at n.32, discussing Petitioner's PCR claim of ineffective assistance of counsel concerning his 1992 prior conviction)).  In his PCR Petition when arguing ineffective assistance of trial counsel,  Petitioner sets out his disagreement with the trial court's use of his 1993 prior conviction to enhance his sentence. (Answer, Exh. R, pp.11-12 of "*Pro Per* [PCR] Petition").  However, Petitioner's argument made no mention that counsel was ineffective for failure to challenge on federal equal protection grounds the state court's sentencing enhancement based upon Petitioner's 1993 conviction.

(Answer, Exh. W). The trial court dismissed the claim finding that

> Petitioner raised this claim on direct appeal. The court of appeals rejected this claim on the merits. It is precluded by Rule 32.2(a)(2).

(*Id.*). Under Ariz.R.Crim.P. 32.2(a)(2), a claim shall be precluded in post-conviction relief proceedings if that claim had been finally adjudicated on the merits on appeal or in any previous collateral relief proceeding. Ariz.R.Crim.P. 32.2(a)(2). Respondents maintain that the state trial court's ruling constitutes an adequate and independent state ground barring federal habeas review. However, the Ninth Circuit has recognized that

> A claim that has been found to be "precluded" under subsection (a)(2) appears to be a classic exhausted claim and may therefore be subject to consideration in federal habeas. *See Ceja v. Stewart*, 97 F.3d 1246, 1252-53 (9th Cir.1996) (recognizing the distinction between waiver and preclusion, and holding that "[p]reclusion does not provide a basis for federal courts to apply a procedural bar").

*Poland,* 169 F.3d at 578 (also noting that *in contrast* to a claim precluded under Ariz.R.Crim.P. 32.2(a)(2), "a claim that has been 'waived' under subsection (a)(3) is procedurally defaulted and therefore barred from federal court consideration, absent a showing of cause and prejudice or fundamental miscarriage of justice."). Thus, generally, when the state appellate court resolves a claim on the merits on direct appeal, the claim is exhausted. The state trial court's rejection of an issue raised in a petition for post-conviction relief for the reason that the issue was previously addressed on direct appeal, then, does not necessarily mean, as Respondents claim here, that the issue is barred from habeas review on independent and adequate state grounds. *See id.*

The state trial court in dismissing Petitioner's PCR Petition on the double jeopardy claim found that the claim had previously been addressed on the merits by the appellate court on direct appeal. However, the record reflects that the Arizona Court of Appeals, when ruling on Petitioner's direct appeal, addressed state law and federal due process claims on this issue but did not address the merits of a federal double jeopardy claim with regard to the 1992 prior conviction. Moreover, review of Petitioner's brief submitted on direct appeal reflects that Petitioner did not raise such an issue. Thus, contrary to the trial court's assertion, the Court of Appeals did not address Petitioner's double jeopardy claim on the merits.

- 57 -

The record also reflects that Petitioner did not invoke a *federal* double jeopardy claim regarding the 1992 prior conviction in his PCR Petition given that he did not specify the particular provision of the federal Constitution, nor did he cite federal or state cases involving the legal standard for a claim under the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution. See *Insyxiengmay*, 403 F.3d at 668; *Castillo,* 399 F.3d at 999. To the extent that Petitioner cited state case law, *State v. Rios,* 114 Ariz. 505, 562 P.2d 385 (App. 1977), to support his double jeopardy claim, that case did not refer to the Fifth Amendment Double Jeopardy Clause, the U.S. Constitution, or to the legal standard for a violation of this provision. On the instant record, Petitioner never fairly apprised the state court that he was raising a federal double jeopardy claim with regard to the state court's use of his 1992 prior conviction to enhance his sentence.

Nevertheless, out of an abundance of caution and because Petitioner's double jeopardy claim is without merit, the Court will address the claim on the merits regardless whether it has been exhausted. *See* 28 U.S.C. § 2245(b)(2).

### (6.) Whether A.R.S. §13-702(C) is unconstitutional on its face

Petitioner raised this claim in his petition for review of the appellate court's denial of his direct appeal. Petitioner did not raise the claim on direct appeal or in his PCR Petition. Under the instant circumstances, Respondents are correct that Petitioner has failed to fairly present this claim to the state court and, thus, the claim is not exhausted. *See See Castille,* 489 U.S. at 351; *Casey,* 386 F.3d at 915-19.

### (a.) Cause and Prejudice

Petitioner's claims of lack of access to research materials and ineffective assistance of counsel do not constitute cause. In addition to the reasons set forth *supra,* at III.B.3.a.(3)(b.), regarding alleged lack of research materials, the fact that Petitioner raised the issue in his petition for Arizona Supreme Court review of his direct appeal shows that, despite his claimed lack of access to research materials prior to the filing of his PCR Petition, he was aware of the claim earlier. Nor can he blame ineffective assistance of trial or appellate counsel given that he did not exhaust a claim of ineffective assistance of trial or appellate

counsel on this issue. *See Edwards,* 529 U.S. at 451-53. Because Petitioner failed to establish cause for his procedural default, the Court need not address prejudice. *Cook,* 538 F.3d at 1028 n.13 (citation omitted). Moreover, even if the Court were to consider prejudice, Petitioner would be unable to satisfy the standard given that the trial court did not impose an aggravated sentence under A.R.S. § 13-702(C). (*See* Answer, Exh. F, pp. 40-41). Instead, the court imposed a mitigated sentence pursuant to A.R.S. §13-604(C). (*Id.*; *see also* Answer, p.4).

(7.)   Whether "A.R.S. §13-604..." was required to be "named in the charging complaint" (Petition, p.10)

Petitioner argues that "allegations pursuant to A.R.S. §13-604 which increase prescribed punishment must be made in the charging document, presented to a jury, proven beyond a reasonable doubt, and decided by a jury verdict."[34]  (Petitioner's Memo., pp. 14-15).

Respondents acknowledge that Petitioner argued in his PCR Petition that the State violated state and federal due process by not listing his prior convictions in the charging document itself. (Answer, p.27). Nonetheless, they argue that the claim is precluded under the doctrine of adequate and independent state grounds because the state trial court dismissed Petitioner's PCR claim. The state trial court dismissed Petitioner's PCR claim as follows: "Petitioner raised a *Blakely* claim on direct appeal. The court of appeals rejected this claim on the merits. It is precluded by Rule 32.2(a)(2)." (Answer, Exh. W).

As discussed *supra*, at III.B.5.a.(5.), "[a] claim that has been found to be "precluded" under ...[32.2](a)(2) appears to be a classic exhausted claim and may therefore be subject to consideration in federal habeas." *Poland*, 169 F.3d at 578. Therefore, contrary to Respondents' assertion, the trial court's finding of preclusion under Ariz.R.Crim.P. 32.2(a)(2) does not bar consideration of Petitioner's claim. *See* discussion, *supra*, at III.B.5.a.(5.).

---

[34]To the extent that Petitioner argues the sentencing enhancement applied to him violated *Blakely* based on lack of a jury finding, that issue is discussed *infra*, at III.B.5.b.(1.).(*Id.*).

On direct appeal, Petitioner argued that his sentence violated *Blakely* because a jury did not find the aggravating factors beyond a reasonable doubt. (Answer, Exh. I, pp. 9-11). Petitioner did not specifically argue that his federal due process rights were violated because the prior convictions were not alleged in the charging document. Nonetheless, given the state court's finding during post-conviction relief proceedings that the claim had been resolved on the merits during direct appeal, and given that the claim lacks merit, this Court will consider the claim on the merits. *See* 28 U.S.C. 2254(b)(2).

> (8.)   Whether Petitioner's sentences violated the Sixth Amendment
> due to double or triple counting

Petitioner alleges that enhancing his sentence "beyond the presumptive term of 2.5 years would count as double or triple counting..." apparently under A.R.S. §13-702(C) which specifies aggravating factors a court must consider at sentencing. (Petitioner's Memo., p.15).

Respondents are correct that Petitioner did not raise the issue of double or triple counting in his direct appeal or in his PCR Petition. To any extent that Petitioner may have addressed the issue in his petition for review filed before the Arizona Supreme Court, that does not constitute fair presentation. *See Castille,* 489 U.S. at 351; *Casey,* 386 F.3d at 915-19.

> (a.)   Cause and Prejudice

Petitioner's failure to present the state court with a claim of ineffective assistance of trial or appellate counsel on this issue forecloses his reliance on allegations of ineffective assistance of counsel to excuse his procedural default. *See Edwards,* 529 U.S. at 451-53. Because Petitioner failed to establish cause for his procedural default, the Court need not address prejudice. *Cook,* 538 F.3d at 1028 n.13 (citation omitted). Moreover, even were the Court to consider prejudice, Petitioner would be unable to satisfy the standard given that the state court properly considered Petitioner's prior convictions and imposed mitigated sentences. *See* discussion *infra,* at III.B.5.b.

> b.       Merits

> (1.)  *Blakely Claim*

Petitioner claims that his rights under the Sixth Amendment and *Blakely v. Washington,*

542 U.S. 296 (2004), were violated because the trial court did not submit Petitioner's prior convictions to the jury for proof beyond a reasonable doubt.

### (a.)   The State Proceeding

The Arizona Appellate Court rejected Petitioner's *Blakely* claim on direct appeal because Petitioner had been sentenced to mitigated, rather than to aggravated, sentences.  (Answer, Exh. J, p. 3, n.1).  The appellate court's decision is the last-reasoned state court opinion on this issue.

### (b.)   Analysis

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a jury. This right continues through the sentencing process, *i.e.*, a defendant has the right to demand that a jury find the existence of any specific fact that the law makes essential to his punishment. *Blakely*, 542 U.S. at 301.[35]

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)(emphasis added).  The Supreme Court explained in *Blakely* that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*"  *Blakely,* 542 U.S. at 303 (citations omitted) (emphasis in original).

The Arizona Supreme Court, in applying *Blakely* and *Apprendi* to Arizona's sentencing scheme, has held that the statutory maximum for purposes of *Apprendi* and *Blakely* analysis is the presumptive sentence established for a defendant's crime.  *State v. Brown*, 209 Ariz. 200, 99 P.3d 15, 18 (2004); *see also State v. Brown*, 212 Ariz. 225, 129 P.3d 947, 949

---

[35]Although Petitioner was sentenced before the Supreme Court decided *Blakely*, *Blakely* applies retroactively herein because Petitioner's criminal case was not yet final when the *Blakely* decision was issued. *See Schardt v. Payne,* 414 F.3d 1025, 1033 (9th Cir. 2005) (*citing Griffith v. Kentucky,* 479 U.S. 314, 322 (1987); *State of Arizona v. Febles*, 115 P.3d 629, 635 (Ariz. App. 2005).

(2006). However, nothing in the history of the right to a jury trial:

> suggests that it is impermissible for judges to exercise discretion-taking into consideration various factors relating both to offense and offender-in imposing a judgment *within the range* prescribed by statute. We have often noted that judges in this country have long exercised discretion of this nature in imposing sentence *within statutory limits* in the individual case.

*Apprendi*, 530 U.S. at 481 (emphasis in original)(*citing Williams v. New York*, 337 U.S. 241, 246 (1949)). In the exercise of this time-honored discretion, a judge may consider "sentencing factors", e.g., circumstances "which may be either aggravating or mitigating in character, that supports a specific sentence *within the range* authorized by the jury's finding that the defendant is guilty of a particular offense." *State v. Martinez*, 210 Ariz. 578, 15 P.3d 618, 621 (2005) (emphasis in original) (*citing Apprendi*, 530 U.S. at 494 n. 19); *see also United States v. Booker,* 543 U.S. 220 (2005) (jury must determine facts that raise a sentencing ceiling). "Thus, upon the finding of an aggravating factor the 'statutory maximum' then becomes not the presumptive term, but the maximum aggravated sentence allowed by the relevant sentencing statute." *Kemp v. McWilliams,* 2007 WL 128782, *3 (D. Ariz. Jan. 12, 2007).

In sum, the aggravating factor of a prior conviction is *Blakely*-exempt from the Sixth Amendment's jury trial requirement. *Blakely*, 542 U.S. at 301 ("'Other than the fact of a prior conviction,....'")(*quoting Apprendi*, 530 U.S. at 490); *United States v. Thomas*, 447 F.3d 1191, 2000 (9th Cir. 2006). Other aggravating factors can be *Blakely*-compliant, i.e., found by a jury or admitted by a defendant. Once a single aggravating factor has been properly established as either *Blakely*-exempt or *Blakely*-compliant, the trial court may find and consider additional aggravating factors in its determination of the appropriate sentence to be imposed within the given statutory sentencing range. *Martinez*, 210 Ariz at 585, 115 P.3d at 625 (emphasis added); *see also Apprendi,* 530 U.S. at 481.

Following a bench trial on the State's allegations concerning Petitioner's prior convictions, the trial court found beyond a reasonable doubt that Petitioner had two prior historical felony convictions. (Answer, Exh. F, pp.29, 39). Based upon this finding, Petitioner was sentenced pursuant to Arizona's sentencing statute applicable to defendants

who stand convicted of a class 4 felony and who also have two or more historical prior felony convictions.  *See* A.R.S. §13-604(C) (2001 & supp. 2004); (Answer, p.4).  In Petitioner's case, Petitioner was not subjected to an aggravated sentence within the applicable sentencing range.  As the Arizona  appellate court pointed out, Petitioner actually received a mitigated sentence, *i.e.,* below the presumptive term, within the applicable range.  Moreover, the trial court's reliance on Petitioner's 1992 and 1993 prior convictions to apply such range did not constitute a *Blakely* violation given that prior convictions are *Blakely*-exempt and, thus, do not require submission to a jury. *See Blakely*, 542 U.S. at 301 ("'Other than the fact of a prior conviction,....'")(*quoting Apprendi*, 530 U.S. at 490); *Thomas*, 447 F.3d at 2000.  Consequently, the state court's decision upholding the sentence is not contrary to, nor an unreasonable application of, federal law as determined by the United States Supreme Court.  Nor did the state court's proceeding result in a decision that was based on an unreasonable determination of the evidence presented.

(2.)  Whether use of the 1992 prior conviction at sentencing

violated Petitioner's right to due process

The state trial court ruled that Petitioner's 1992 prior conviction was inadmissible as impeachment evidence at trial under Ariz.R.Evid. 609 because that conviction was more than ten years old. (*See* Petition, Exh. 7A; Answer, Exh. J, p.6).  However, at sentencing, the trial court relied on the 1992 prior conviction to enhance Petitioner's sentence.  Petitioner asserts that use of the prior conviction at sentencing violated his right to due process.

(a.)  The State Proceeding

The trial court ruled pursuant to Ariz.R.Evid. 609 that Petitioner's 1992 prior conviction was inadmissible for impeachment purposes.

On January 16, 2004, after a bench trial on the State's allegations of Petitioner's 1992 and 1993 historical prior convictions, the court found beyond a reasonable doubt that Petitioner had previously been convicted: (1) on December 1, 1993 of Aggravated Driving While under the Influence of Intoxicating Liquor,  a class 5 felony, committed on May 17, 1993 in Maricopa County; and (2) on August 27, 1992 of Possession of Marijuana for Sale, at Least

- 63 -

One Pound but Less Than Eight Pounds, a class 3 felony, committed on March 13, 1992, in Maricopa County. (Answer, Exh. E, F at p.29; *see also* Answer, Exh. C). The trial court further found that the convictions qualified as historical prior convictions under A.R.S. §13-604, and could be used for sentencing enhancement. (Answer, Exh. F, p.29). The trial court sentenced Petitioner to the statutory scheme applicable to a defendant who stood convicted of two prior historical felonies. However, the court found that the age of the 1992 prior conviction was a mitigating factor and sentenced Petitioner to a mitigated term. (*Id.* at pp. 40-41).

Petitioner argued on direct appeal that his due process rights were violated when the trial court considered his 1992 prior conviction at sentencing after having previously ruled that the conviction was inadmissible as impeachment evidence at trial. The Arizona Court of Appeals rejected Petitioner's claim as follows in pertinent part:

> Rule 609 generally forbids as impeachment evidence a conviction more than ten years old. The sentencing statute, A.R.S. §13-702(C)(11) (Supp. 2004), *requires* the court to consider as an aggravating factor whether the defendant "was previously convicted of a felony within the ten years immediately preceding the date of the offense." A.R.S. §13-702(C)(11). The court *may*, however, consider older felony convictions in its discretion. *See State v. Romero,* 173 Ariz. 242, 243, 841 P.2d 1050, 1051 (App. 1992) ("[W]e do not understand the statute to mean that the judge cannot consider any felony that is more than ten years old...."). Therefore, the court correctly considered the prior felony convictions.

(Answer, Exh. J, p.6). The appellate court's decision is the last-reasoned state court opinion on this issue.

### (b.) Analysis

The question on federal habeas review is not whether the state sentencing court "committed state-law error; rather a federal habeas petitioner must show that an alleged state sentencing error was 'so arbitrary or capricious as to constitute an independent due process...violation.'" *Horton v. Finn,* 2008 WL 4645995, *4 (C.D. Cal. Oct. 20, 2008) (*quoting Richmond,* 506 U.S. at 50; *citing Christian,* 41 F.3d at 469)).

Petitioner's prior conviction at issue occurred on August 27, 1992. (Answer, Exh. F, p.29). The offenses leading to the convictions at issue in the instant habeas Petition occurred on August 7, 2001. (Answer, Exh. A, B). Petitioner's jury trial commenced in November

2003.  (Answer, Exh. D).

As the Arizona appellate court correctly noted, Rule 609 of the Arizona Rules of Evidence generally prohibits as impeachment evidence the use of a conviction more than ten years old. Ariz.R.Evid. 609.  From a transcript page submitted by Petitioner, it appears that when the trial court was ruling on the 609 issue, there was some discussion whether the ten-year period under Rule 609 was calculated from the date of the offense for which Petitioner was being tried or the date of trial.  (Petition, Exh. 7A).  There is no dispute that the trial court ultimately held that Petitioner's 1992 conviction was inadmissible under Rule 609.  (Answer, Exh. J, p.6; Petition, p. 10).  The instant record is also clear that the offense giving rise to the 1992 prior conviction occurred on March 13, 1992 which was *within ten years* of the date of the August 7, 2001 offenses at issue in the instant habeas Petition.  The instant record is also clear that the offense giving rise to the 1992 prior conviction occurred *more than ten years* before Petitioner's November 2003 trial on the offenses at issue in the instant habeas Petition.

At sentencing, the court found that Petitioner's 1992  prior conviction

> qualified as a historical prior under A.R.S. §13-604(V)(2)(b) because it is a Class 3 felony, which was committed *within the preceding 10 years* of when this case that we're here on today was committed.
>           So the Court finds beyond a reasonable doubt that there are two historical priors that can be used for sentencing enhancement.

(Answer, Exh. F, p.29) (emphasis in added).  When Petitioner was sentenced, section 13-604 defined a "historical prior felony conviction" as including:

> Any class 2 or 3 felony, except the offenses listed in subdivision (a) of this paragraph[36], that was committed *within the ten years immediately preceding the date of the present offense*. Any time spent on absconder status while on probation or incarcerated is excluded in calculating if the offense was committed within the preceding ten years. If a court determines a person was not on absconder status while on probation that time is not excluded.

A.R.S. §13-604(V)(2)(b) (2001 & Supp. 2004) (emphasis added).  Additionally, Arizona sentencing statutes required the court to consider whether "[t]he defendant was previously

---

[36]Petitioner's 1992 conviction did not fall within subdivision (a).

convicted of a felony within the ten years immediately preceding the date of the offense." A.R.S. §13-702(C)(11) (2001 & Supp. 2004). Further, under Arizona law, the court could also consider, as an aggravating factor, any felony that is more than ten years old. *Romero,* 173 Ariz. at 243, 841 P.2d at 1051. Accordingly, the trial court's ruling under Ariz.R.Evid. 609 had no bearing on the issue whether the 1992 prior conviction could be considered at sentencing under Arizona's sentencing scheme. Moreover, although Petitioner was sentenced under the scheme applicable to defendants "with two historical prior felonies,"[37] the court considered the age of the 1992 prior conviction as a "mitigating circumstance under the catch-all of the statute." (Answer, Exh. F at pp.39-40). In doing so, the court stated:

> And I do recognize that that possession for sale of marijuana case was just within a few months of expiring as a historical prior because it was committed in March of '92. This offense was committed in August of 2001 and so historicals only go for 10 years, at least for that class offense. So you were close to expiring on that.
> So I think I can find that as a mitigating factor. I tend to agree with Ms. Simpson that – and your family members that it seems harsh to impose a 10-year or greater sentence for [sic] under the circumstances of this case. As I said, no victim, no accident, no damage, all occurred within the drive-through of Dunkin Donuts' parking lot at 19th Avenue and Northern Avenue.
> So the Court does find that there is at least one mitigating circumstance and that is the age of the prior. Also, the nature of the events leading up to this offense, I think is also a mitigating factor. Accordingly–and I think those are substantially sufficient to impose a mitigated term in this case.
> Accordingly, it is the judgment and sentence of the Court that defendant be imprisoned for the mitigated term of eight years.

(Answer, Exh. F, pp. 40-41).

No fundamental unfairness and/or arbitrary or capricious disregard of Petitioner's right to liberty is apparent from the record herein. The 1992 prior conviction, regardless whether it was deemed admissible at trial under Arizona evidentiary rules, fell within the statutory definition of a historical prior felony conviction under Arizona sentencing statutes. Further,

---

[37]At sentencing, the court recognized that in light of Petitioner's two historical prior felony convictions, Petitioner faced a minimum term of 8 years, a presumptive term of 10 years, and a maximum of 15 years. (Answer, Exh. F, p. 39); *see also* A.R.S. §13-604(C) (2001 & supp. 2004) (setting out this sentencing range for defendants convicted of a class 4 felony who also have two historical prior felony convictions). The court further advised Petitioner that the applicable sentencing statute also provided for a super-mitigated term of 7 years and a super-aggravated term of 15 years. (*Id.*).

at sentencing, the trial court considered the age of that prior conviction as a mitigating factor to impose a sentence below the presumptive term. The state court's decision upholding the sentence is not contrary to, nor an unreasonable application of, federal law as determined by the United States Supreme Court. Nor did the state court's proceeding result in a decision that was based on an unreasonable determination of the evidence presented.

> (3.) Whether use of Petitioner's 1993 prior conviction at sentencing violated the guarantees of the Due Process Clause in light of the age of that prior

Petitioner argues that because his 1993 prior conviction involved a class 5 felony and was more than five years old, it did not qualify as a historical prior felony under the A.R.S. §13-604. (Petition, p.10; Petitioner's Memo., p.14). Therefore, according to Petitioner, the trial court's reliance on his 1993 prior conviction at sentencing violated his rights under the Due Process Clause.

> (a.) The State Proceeding

Following a bench trial on the matter of Petitioner's alleged prior convictions, the trial court found that Petitioner's 1992 and 1993 convictions qualified as historical prior convictions under A.R.S. §13-604 and could be used in determining Petitioner's sentence. (Answer, Exh. F, p.29). Specifically, with regard to Petitioner's 1993 prior conviction, the trial court held:

> Based on the evidence presented, the Court finds beyond a reasonable doubt that the defendant...was convicted on December 1, 1993...of aggravated driving while under the influence of intoxicating liquor, a Class 5 felony, committed on May 17, 1993, in violation of Arizona law. That qualified as a historical prior under ARS Section 13-604(V)(2)(b) because it involved aggravated driving while under the influence of intoxicating liquor or drugs.

(*Id.*).

Petitioner argued on direct appeal that his due process rights were violated because both the 1992 and 1993 prior convictions were too old to qualify as historical prior felony convictions. With regard to his 1993 prior conviction, Petitioner presented on direct appeal essentially the same argument that he presents here. The appellate court, did not specifically

discuss Petitioner's 1993 prior conviction on this issue. The appellate court, after acknowledging that Petitioner raised a due process claim with regard to the use of his 1992 prior conviction at sentencing, held that the trial "court correctly considered the prior felony convictions." (Answer, Exh. J, p.6). The appellate court's decision is the last-reasoned state court opinion on this issue.

(b.)  Analysis

As set forth *supra*, at III.B.5.b.(2.)(b.), Petitioner must show that an alleged state sentencing error was so arbitrary or capricious as to constitute an independent due process violation. *Richmond,* 506 U.S. at 50; *Christian,* 41 F.3d at 469; *Horton*, 2008 WL 4645995 at *4.

The offense giving rise to Petitioner's 1993 prior conviction was aggravated driving while under the influence of intoxicating liquor, a class 5 felony. (Answer, Exh. F, p.29).

Arizona defines "[h]istorical prior felony conviction" to include:

(a)  Any prior felony conviction for which the offense of conviction:
***
> (v) Involved *aggravated driving under the influence of intoxicating liquor* or drugs, driving while under the influence of intoxicating liquor or drugs with a suspended, canceled, revoked or refused driver license or driving under the influence of intoxicating liquor or drugs with two or more driving under the influence of intoxicating liquor or drug convictions within a period of sixty months; or
***
(b)  Any class 2 or 3 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the ten years immediately preceding the date of the present offense. Any time spent on absconder status while on probation or incarcerated is excluded in calculating if the offense was committed within the preceding ten years. If a court determines a person was not on absconder status while on probation that time is not excluded.
(c)  Any class 4, 5 or 6 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the five years immediately preceding the date of the present offense. Any time spent on absconder status while on probation or incarcerated is excluded in calculating if the offense was committed within the preceding five years. If a court determines a person was not on absconder status while on probation that time is not excluded.

A.R.S. §13-604(V)(2)(a),(b),(c) (2001 & Supp. 2004) (emphasis added).

Petitioner argues that his 1993 prior felony conviction fell under section 13-604(V)(2)(c) because it involved a class 5 felony. He further argues that under section 13-604(V)(2)(c), his 1993 conviction was too old to qualify as an historical prior felony conviction because

1    it was more than 5 years old.

2        Petitioner overlooks that section 13-604(V)(2)(a)(v) brings his 1993 prior conviction for

3    aggravated DUI within the definition of a historical prior felony conviction and section 13-

4    604(V)(2)(c) specifically states that it does not apply to "[a]ny class 4,5 or 6 felony...listed

5    in subdivision (a)."  *See* A.R.S. §13-604(V)(2)(c) ("Any class 4, 5 or 6 felony, *except the*

6    *offenses listed in subdivision (a) of this paragraph*....") (emphasis added).

7        This Court notes that the trial court misspoke when it stated that the 1993 conviction

8    qualified as a historical prior felony conviction under section 13-604(b)(2)(v). However, any

9    mis-citation is without moment give that the court explained that the 1993 conviction

10   qualified as a historical prior felony conviction "because it involved aggravated driving while

11   under the influence of intoxicating liquor or drugs" which is consistent with A.R.S. §13-

12   604(b)(2)(a)(v).  (Answer, Exh. F, p.29).

13       Given that Petitioner's 1993 conviction, like his 1992 prior conviction, qualified as a

14   historical prior felony conviction, the trial court's use of the convictions to enhance

15   Petitioner's sentence was neither fundamentally unfair nor an arbitrary or capricious

16   disregard of Petitioner's right to liberty.   The state court's decision upholding the sentences

17   is not contrary to, nor an unreasonable application of, federal law as determined by the

18   United States Supreme Court.  Nor did the state court's proceeding result in a decision that

19   was based on an unreasonable determination of the evidence presented.

20                          (4.)  Whether the use of Petitioner's 1992 prior conviction at

21                          sentencing placed Petitioner in double jeopardy in light of the trial

22                          court's ruling that the prior conviction was inadmissible at trial to

23                          impeach Petitioner

24       Petitioner argues that the trial court's ruling during trial that his 1992 prior conviction was

25   too old to be admissible as impeachment evidence under Ariz.R.Evid. 609 precluded the

26   court from later relying on the same prior conviction at sentencing. According to Petitioner

27   "relitigating..." the issue at sentencing "placed...[P]etitioner in [d]ouble jeopardy."

28   (Petitioner's Memo., p.14).

Although the Arizona court did not specifically discuss Petitioner's double jeopardy argument with regard to his 1992 prior conviction, the court did correctly conclude that use of the prior to enhance Petitioner's sentence did not violate due process principles. *See supra,* at III.B.5.b.(2.)(b.).

When "there is no state court decision on [the] issue to which to accord deference," the claim must be reviewed *de novo. Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002); *see also Brazzel v. Washington,* 491 F.3d 976, 983 (9th Cir. 2007) ("If the state court has not addressed a constitutional issue at all, then our review is *de novo.*").

As discussed *supra,* at III.B.5.b.(2.)(b.), the trial court's evidentiary ruling during trial regarding Petitioner's 1992 prior conviction had no bearing on application of state sentencing laws during Petitioner's sentencing proceeding. The Arizona sentencing scheme clearly allowed for enhancement in Petitioner's case.

The U.S. Supreme Court has held that the Double Jeopardy Clause "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." *Monge v. California,* 524 U.S. 721, 728 (1998) (citations omitted). The Supreme Court has also generally found "double jeopardy protections inapplicable to sentencing proceedings...because the determinations at issue do not place a defendant in jeopardy for an 'offense'....Nor have sentence enhancements been construed as additional punishment for the previous offense...." *Id.* (citations omitted). Thus,

> [a]n enhanced sentence imposed on a persistent offender..."is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes" but as "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."

*Monge,* 524 U.S. at 728 (*quoting Gryger v. Burke,* 334 U.S. 728, 732 (1948)). Therefore, double jeopardy protections are inapplicable to Petitioner's challenged sentencing enhancement. *See id.*; *see also Guzman v. Ryan,* 2009 WL 1066239, *17 (D.Ariz. April 21, 2009). Petitioner's double jeopardy claim fails on the merits. To the extent that the State appellate court's decision affirming Petitioner's convictions and sentences can be construed

as a ruling on this issue, such decision is not contrary to, nor an unreasonable application of, federal law as determined by the Unites States Supreme Court. Nor did the state court's proceeding result in a decision that was based on an unreasonable determination of the evidence presented.

(5.) Whether "A.R.S. §13-604..." was required to be "named in the charging complaint" (Petition, p.10)

Petitioner argues that "allegations pursuant to A.R.S. §13-604 which increase prescribed punishment must be made in the charging document, presented to a jury, proven beyond a reasonable doubt, and decided by a jury verdict." (Petitioner's Memo., pp. 14-15).

(a.) The State Proceeding

Petitioner argued on direct appeal that his sentences violated *Blakely.* The appellate court held that *Blakely* did not apply to Petitioner's sentences because he was sentenced to mitigated, rather than aggravated, sentences. (Answer, Exh. J, p.3 n.1).

In his PCR Petition, Petitioner argued that State failed to allege his prior convictions in the charging document. The state court dismissed this claim because: "Petitioner raised a *Blakely* claim on direct appeal. The court of appeals rejected this claim on the merits. It is precluded by Rule 32.2(a)(2)." (Answer, Exh. W).

Thus, the appellate court's decision is the last-reasoned state court opinion on this issue.

(b.) Analysis

As discussed *supra,* at III.B.5.b.(1.)(b.), Petitioner's *Blakely* claim fails on the merits. Thus, to any extent the claim can be construed as a *Blakely* claim, it fails on the merits as well.

Furthermore, the Sixth Amendment guarantees a criminal defendant "the right...to be informed of the nature and cause of the accusation...." U.S. Const. amend, VI. *See also Cole v. State of Arkansas,* 333 U.S. 196, 201 (1948) (*citing DeJong v. State of Oregon,* 299 U.S. 353, 362 (1937)); *In re Oliver,* 333 U.S. 257, 273 (1948); *Jackson v. Virginia,* 443 U.S. 307, 314 (1979); *Gautt v. Lewis,* 489 F.3d 993, 1002-1003 (9th Cir. 2007), *cert denied,* __ U.S. __, 128 S.Ct. 1477 (2008). (recognizing same). To determine whether a defendant has received

- 71 -

constitutionally adequate notice, the reviewing court looks first to the charging document. *See Gautt,* 489 F.3d at 1003 (*citing Cole,* 333 U.S. at 198). However, the federal constitution does not require that the charging document include prior convictions that the State intends to use solely for sentencing purposes. *See Almendarez-Torres v. United States,* 523 U.S. 224, 229 (1998) ("An indictment must set forth each element of the crime that it charges... [b]ut it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." ); *United States v. Pacheco-Zepeda,* 234 F.3d 411, 413-414 (9th Cir. 2000) (Under *Almendarez-Torres,* the trial court "was entitled to consider any prior aggravated felony convictions in sentencing [the defendant]...even though such conduct had not been charged in the indictment, presented to a jury, and proved beyond a reasonable doubt."); *Murphy v. Giurbino,* 2006 WL 2521561, *3-*4 (N.D. Cal. Aug. 30, 2006) (denying habeas relief on claim that prior conviction used for sentencing enhancement was not alleged in the charging document). Although the U.S. Supreme Court has "expressed reservations about *Almendarez-Torres*..." the Court nevertheless "choose not to overrule *Almendarez-Torres*, and unmistakably carved out an exception for 'prior convictions' that specifically preserved the holding of *Almendarez-Torres*." *Pacheco-Zepeda,* 234 F.3d at 414 (*citing Apprendi v. New Jersey,* 530 U.S. 466 (2000)). *See also Apprendi,* 530 U.S. at 490 ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

Because Petitioner herein had no federal constitutional right to notice of the prior convictions to be used for sentencing purposes, or the statutory enhancements that would flow from his prior convictions, the omission of the prior convictions from the charging document did not violate Petitioner's rights under the U.S. Constitution. The state court's decision upholding Petitioner's sentences is not contrary to, nor an unreasonable application of, federal law as determined by the United States Supreme Court. Nor did the state court's proceeding result in a decision that was based on an unreasonable determination of the evidence presented.

c.     Recommendation: Ground V

The Magistrate Judge recommends that the District Court dismiss as procedurally defaulted Petitioner's claims that: (1) use of his 1992 and 1993 prior convictions violated the Equal Protection Clause; (2) use of Petitioner's 1992 conviction at sentencing violated the due process clause due to lack of proper evidence; (3) A.R.S. §13-702(C) is unconstitutional; and (4) the Sixth Amendment was violated due to "double or triple counting..." (Petitioner's Memo., p.15).  The Magistrate Judge also recommends that the District Court deny on the merits Petitioner's: (1) *Blakely* claim; (2) due process claims that: (a) his 1992  prior conviction was too old to qualify as a historical prior felony conviction..." under A.R.S. §13-604; (b) the trial court's use of Petitioner's 1992 conviction as a sentencing enhancement even though the court had found that the prior was inadmissible at trial; and (c)  Petitioner's 1993 prior conviction was too old to qualify as a historical prior felony conviction; (3) double jeopardy claim regarding the trial court's use at sentencing of the 1992 prior conviction; and (4) claim of a due process violation because allegations concerning his prior convictions were not included in the charging document.

## IV.    RECOMMENDATION

For the foregoing reasons, Petitioner's claims are either procedurally defaulted or without merit.  Therefore, the Magistrate Judge recommends that the District Court dismiss in part and deny the remainder of Petitioner's Petition for Writ of Habeas Corpus.  (Doc. No. 1).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed.R.Civ.P. 72(b).   If objections are filed, the parties should use the following case number: **CV 08-586-PHX-NVW.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues.  *See*

*United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 30th day of December, 2009.

_____
Héctor C. Estrada
United States Magistrate Judge