# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lin William James, | No. CV 08-0586 PHX-NVW (HCE) |
| Petitioner, | |
| v. | **ORDER** |
| Rick Mauldin, et al., | |
| Respondents. | |

Pending before the court is the Report and Recommendation ("R&R") of Magistrate Judge Estrada (Doc. # 21) regarding petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. # 1). The R&R recommends that the Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (R&R at 73) (citing 28 U.S.C. § 636(b)). Petitioner filed objections on January 22, 2010. (Doc. # 22.)

The court has considered the objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made). The court agrees with the Magistrate Judge's determinations, accepts the recommended decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate").

Insofar as the Magistrate Judge also ruled on any non-dispositive matters, error may not be assigned to any defect in those rulings to the extent that an aggrieved party did not file a timely objection. Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 10 days after being served with a copy [of the magistrate's order]. A party may not assign as error a defect in the order not timely objected to."). The absence of a timely objection precludes later assignment of error in this court or in any higher court of the non-dispositive rulings of a magistrate judge. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *Philipps v. GMC*, 289 F.3d 1117, 1120-21 (9th Cir. 2002).

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge (Doc.21 ) is accepted.

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment dismissing the following claims as procedurally defaulted:

(1) that portion of Petitioner's Ground I due process claim regarding the filing of felony charges after expiration of the statute of limitations applicable to misdemeanors;

(2) Petitioner's Ground I claim that his rights under the Equal Protection Clause were violated;

(3) Petitioner's Ground II claims of due process and Sixth Amendment violations;

(4) Petitioner's Ground III claims of violation of the Ex Post Facto Clause, Equal Protection Clause and the Due Process Clause with regard to the State's alleged reliance on the 2002 version of Ariz.R.Crim.P. 8.2;

(5) Petitioner's Ground IV claims of ineffective assistance of trial counsel regarding Petitioner's allegations that trial counsel failed to: advise the trial

court that the charges against Petitioner were insufficient as a matter of law; subject the prosecution's case to any meaningful adversarial testing; and raise the issue of Petitioner's right to a speedy trial under the U.S. Constitution; and

(6) Petitioner's Ground V claims that: use of his 1992 and 1993 prior convictions violated the Equal Protection Clause; use of Petitioner's 1992 conviction at sentencing violated the Due Process Clause due to lack of proper evidence; A.R.S. §13-702(C) is unconstitutional; and the Sixth Amendment was violated due to double or triple counting.

IT IS FURTHER ORDERED that judgment be entered denying the following claims on the merits:

(1) Petitioner's Ground I claims of violation of the Double Jeopardy Clause and Due Process Clause due to the filing of felony charges after dismissal of the misdemeanor charges;

(2) Petitioner's Ground III claim of violation of the Ex Post Facto Clause with regard to the filing of the felony charges after dismissal of the misdemeanor charges;

(3) Petitioner's Ground IV claim of ineffective assistance of counsel concerning trial counsel's alleged failure to advise the court of the lapsed expiration of time with regard to the statute of limitations applicable to misdemeanors;

(4) Petitioner's Ground V claims based on *Blakely* and the Double Jeopardy Clause; and

(5) Petitioner's Ground V due process claim challenging the use of his prior convictions at sentencing on the grounds that: the prior convictions were too old to qualify as historical prior felony convictions; evidence of the

1992 conviction was inadmissible at trial; and the prior convictions were not alleged in the charging document.

(6) Any other claim not addressed explicitly in the judgment.

IT IS FURTHER ORDERED that the judgment dismiss Petitioner's Ground II as non-cognizable to the extent that Petitioner claims a violation of Rule 8 of the Arizona Rules of Criminal Procedure.

The Clerk shall terminate this action.

DATED this 26th day of January, 2010.

_____
Neil V. Wake
United States District Judge